255 S.W.2d 798 (1953)
STATE
v.
ROBINSON.
No. 42954.
Supreme Court of Missouri, Division No. 2.
March 9, 1953.
Cecil Block and Stanley M. Rosenblum, St. Louis, for appellant.
J. E. Taylor, Atty. Gen. and D. D. Guffey, Asst. Atty. Gen., for respondent.
BARRETT, Commissioner.
In this reassigned cause, upon the trial of a charge of murder in the second degree the appellant, James Robinson, has been found guilty of manslaughter and sentenced to three years' imprisonment.
On September 17, 1949, James Robinson, aged sixty-five years, operated a tavern at 3695 Laclede Avenue in St. Louis. Robinson's daughter, Mae, and his son-in-law, Clarence "Toss" Shamblin, spent the greater part of the evening in the tavern drinking beer. They left the tavern and returned a time or two and the evening was rather uneventful until near closing time. According to the state's evidence Robinson and his friend, Audrey Farrell, became abusive towards Mae Shamblin and her husband until, finally, Clarence Shamblin struck and beat both Robinson and Farrell with his fists, knocking both of them down. According to Mae, in the course of the fighting, probably as Shamblin struck Farrell, her father came from behind the bar, called to Shamblin and shot him as he approached in response to the call. According to the defendant and his witnesses Shamblin was the aggressor throughout and became enraged when refused further drinks after closing time. They said that Shamblin cursed, beat and kicked them and, finally, Shamblin threatened to kill Robinson and as he again advanced upon him, Robinson, thinking his life in danger, shot and killed Shamblin in self-defense. This brief résumé of the evidence is sufficient to demonstrate that the jury could reasonably find the appellant guilty of manslaughter, or the jury could have acquitted him upon the ground of self-defense.
Upon this appeal the principal question briefed and argued is that the court prejudicially erred in giving instruction three on self-defense. It was the only instruction on this subject and paragraph four is as follows:
"But before you acquit the defendant on the ground of self-defense you ought to be satisfied that defendant's cause of *799 fear for his life or personal safety was reasonable. Whether the facts constituting such reasonable cause have been established by the evidence you are to determine, and unless the facts constituting such reasonable cause have been established by the evidence in this case, you cannot acquit the defendant on the ground of self-defense, even though you may believe the defendant thought he was in danger."
The specific objection to this paragraph of the instruction is that the words "satisfied" and "established" have the effect of improperly limiting the defendant's right of self-defense in that "the burden of so satisfying and establishing is placed squarely by the instruction on the defendant-appellant." It is said that "an instruction which requires the defendant in a criminal case to satisfy the jury of the facts upon which he relies as a justification for his acts, in effect, shifts the burden of proof to the defendant and is an unwarranted limitation of his right of self-defense." This instruction was copied from State v. Eaton, 355 Mo. 164, 195 S.W.2d 457, 459, or from the supplement to 2 Raymond, Instructions, Sec. 6059.1. In the Eaton case it was objected that the word "unnecessarily" in the fifth paragraph caused that paragraph to conflict with the preceding paragraphs. Of this specific objection the court said, "However, we have approved the use of this term, with the qualification thereof used herein, in two recent cases: State v. O'Leary, Mo.Sup., 44 S.W.2d 50 and State v. Traylor, 339 Mo. 943, 98 S.W.2d 628; See also State v. Greaves, 243 Mo. 540, 147 S.W. 973." In State v. Miller, 346 Mo. 846, 143 S.W.2d 241, 243, an identical instruction was given except that it "told the jury that if he voluntarily entered into the difficulty, then he cannot justify himself on the ground of self defense" and the appellant was given a new trial because of that erroneous direction. As far as we have been able to discover this instruction has not been employed in other cases, and this is the first time these specific objections have been made to the instruction. Other approved forms of instructions on the subject of self-defense, but omitting such phrases as "you ought to be satisfied" and "have been established by the evidence," are to be found in the following cases: State v. Robinson, 353 Mo. 934, 185 S.W.2d 636; State v. Huett, 340 Mo. 934, 949-950, 104 S.W.2d 252, 261; State v. Bushong, Mo.Sup., 246 S.W. 919, 920; State v. Gore, 292 Mo. 173, 237 S.W. 993, 997-998.
In general, it may be noted, an instruction upon the subject of self-defense should be coupled with an instruction on reasonable doubt as to the defensive matter; it must fully and clearly cover the constituent elements of self-defense including the nature, imminence and apprehension of danger to which the accused was subject, and such an instruction must correctly cover the subject of burden of proof. 41 C.J.S., Homicide, §§ 378, 380, 384; annotation 120 A.L.R. 591. An instruction which unduly limits or restricts the right of self-defense in any of these particulars or which improperly places the burden of proof is prejudicially erroneous. State v. Hickam, 95 Mo. 322, 8 S.W. 252; State v. Williams, 337 Mo. 884, 87 S.W.2d 175, 100 A.L.R. 1503; State v. Strawther, 342 Mo. 618, 116 S.W.2d 133, 120 A.L.R. 583. The mere use of the word "satisfied" in an instruction on self-defense may not unduly restrict or limit the right of self-defense or improperly place the burden of proof. Despite such words "an instruction may not be subject to objection on this account when it is considered as a whole, or when the instruction is considered with other proper instructions relating to the defensive matter." 53 Am.Jur., Sec. 677, p. 522. However, since the burden of proof as to essentials does not shift, language "requiring that the jury be satisfied as to a defensive matter, or referring to a matter of defense `when satisfactorily established,' makes the instruction subject to the objection that it casts or tends to cast upon the defendant the burden of proving the fact in question." 53 Am.Jur., Secs. 677, 763; State v. Barton, Mo.Sup., 236 S.W.2d 596. See also: Seago v. New York Cent. R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372. In State v. Malone, 327 Mo. 1217, 39 S.W.2d 786, *800 790, the conviction was of murder in the second degree and the instruction plainly placed upon the defendant the burden of proving that he acted in self-defense, despite the state's burden of proving malice. The instruction included this language "and you cannot acquit the defendant on the grounds of self-defense unless he has shown to your reasonable satisfaction that he killed the deceased in lawful defense of himself as explained in other instructions * * *." Of this language the court said, "The defendant is presumed to be innocent of the crime charged until proven guilty, yet by this instruction an essential element of the offense is assumed to exist unless defendant successfully carries the burden of proving by a preponderance of the evidence that it does not exist, for that is what `showing to the reasonable satisfaction of the jury' that he killed in self-defense would be understood by the jury to mean."
It is not necessary, however, to say that this instruction misplaces the burden of proof or unduly limits or restricts the right of self-defense merely because it employs the phrase "you ought to be satisfied" in the first sentence quoted. The second sentence is identical, even to punctuation, with the sentence condemned in State v. Davis, 342 Mo. 594, 597-598, 116 S.W.2d 110, 111-112. That appeal was from a conviction of felonious assault and it was said that the words "have been established by the evidence" did not place upon the defendant the burden of proof. However, in holding the instruction prejudicially erroneous, the court said, "But what does the word `establish' mean? Its first and primary meaning is: `to make stable or firm; to fix immovably or firmly; to settle; conform.' And as applied to the proof of a fact or the conclusiveness of evidence, it means: `to prove and cause to be accepted as true; as to establish a fact.' Webster's New International Dictionary, 2d Ed., Unabridged. This meaning ordinarily has been given to the word by the courts, 3 Words and Phrases, First Series, p. 2471; 2 Words &phrases, Second Series, p. 323; 3 Words and Phrases, Third Series, p. 328. And hence, where it is incumbent on a party to prove a fact only by a preponderance of evidence, it has often been held error for an instruction to require him to establish the fact, though sometimes when the word is qualified by its context, as where a party is required to establish a fact by a preponderance of the evidence, or by the fair weight of the evidence, its use has been sanctioned. But when it is only necessary for a fact to appear from substantial evidence * * * what then is the effect of saying such fact must be established by the evidence? We cannot convince ourselves that the use of this strong, positive word is not misleading to a jury, and therefore prejudicial error. By the instruction under review the jury are told before they acquit on the ground of self-defense they ought to believe the appellant's cause of apprehension was reasonable; that they are to determine whether the facts constituting such reasonable cause of apprehension have been established by the evidence; and that unless the facts have been so established they cannot acquit on the ground of self-defense. The law actually is that there need be only a prima facie or substantial showing of the elements of self-defense to raise the issue; and that when the issue is raised the burden rests upon the State to prevail thereon beyond a reasonable doubt." Under the Davis case the instruction is prejudicially erroneous and for that reason the judgment is reversed and remanded.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.