364 S.W.2d 572 (1963)
STATE of Missouri, Respondent,
v.
Edward Eugene WASHINGTON alias Robert Eugene Mason, Appellant.
No. 49511.
Supreme Court of Missouri, Division No. 1.
February 11, 1963.
*574 Gene R. Martin, Kansas City, Mo., for appellant.
Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.
HOUSER, Commissioner.
A Jackson County jury convicted Edward Eugene Washington of first degree robbery. He has appealed from a judgment and sentence of 5 years in the penitentiary. Appellant not having filed a brief we examine the assignments of error in his motion for new trial.
The first four assignments (that the verdict is contrary to the law, contrary to the evidence, against the weight of the evidence, not supported by any substantial evidence and was arrived at by speculation, guesswork and prejudice) will not be reviewed. It is no longer necessary to cite authority for the proposition that such generalities, in violation of Sup.Ct. Rule 27.20, V.A.M.R., preserve nothing for appellate review.
Appellant's fifth assignment (that the court erred in overruling appellant's motion for judgment of acquittal at the close of the state's case, for failure of proof) was waived by appellant thereafter offering evidence. State v. Hutchin, Mo. Sup., 353 S.W.2d 701, 702 [2].
*575 Assignment No. 6 (that the court erred in overruling appellant's motion for judgment of acquittal at the close of all the evidence, for failure to produce any substantial evidence of guilt of the charge of first degree robbery) calls for a review of the evidence. Considered in the light most favorable to the state the evidence, and the inferences reasonably to be drawn therefrom, shows the following set of facts, which made a submissible case of first degree robbery: Viola Flanagan, in company with another lady, left her place of employment on east 10th Street in Kansas City on a March afternoon in 1962. They walked east on 10th to Tracy Street, and south on the west side of Tracy Street to Viola Flanagan's parked car. As she approached her car she saw four young men walking "pretty fast," proceeding south on the east side of the street. Her arm was in the handle of her purse. As she started to unlock her car two of the men crossed the street and came around in front of her car. One of them attacked her from the back. No blow was struck but she was either knocked or pulled down by an impact, and one of the men grabbed hold of her purse. She fell to the ground, was dragged a few feet, and finally let go of the purse. Both she and Mrs. Minter screamed. The two young men ran south with the purse. No word was uttered by anyone. The men went "straight south" a short distance, then crossed to the other side of the street and ran on across a vacant lot just north of an apartment house at the corner of 11th and Tracy Streets. As Viola Flanagan got up off the ground Mrs. Minter screamed "Help." Viola Flanagan had bruises and abrasions. Her hose and dress were torn. The purse contained $2.50 cash, a railroad ticket, prescription sunglasses, a $67 check, and several articles of a personal nature. She was unable to identify the men by their facial features. She testified, however, that they were both around 21 or 22 years old, about six feet tall and weighed about 160 or 165 pounds, and that defendant was the approximate age, height, size and weight of her assailants. At the time of these events one Sylvester Brewster was near the northwest corner of 11th and Tracy Streets, waiting for a bus. Hearing a scream he went to the corner, saw a lady bending over picking up some kind of an object, and saw two "fellows," one of whom was this defendant, on the northeast side of the street. The two men had come to a stop on a hill or terrace between the apartment house at the corner of 11th and Tracy and a residence north of the apartment. Brewster saw defendant put some type of object inside his coat pocket, then the men continued running east. While they were stopped defendant's face was turned south, toward Brewster. Brewster saw him; and at the trial described his height, weight, coat and cap, and testified he was certain this defendant Edward Eugene Washington was the man he saw there that day. Brewster went to the assistance of the lady, and when the police officers arrived he told them what he had observed; disclosed that he knew one of the menhad seen him previouslyalthough he did not know his name. Later he looked at pictures at police headquarters, from which he selected defendant's picture as that of the man he saw at the scene of the crime; the same person with whom he had had a conversation on a previous July 4th, and whom he had seen from time to time going in and coming out of Garrison Center", where Brewster used to box.
In assignment No. 7 appellant attacks verdict-directing Instruction No. 2 on numerous grounds. We pass over objections that No. 2 was not a proper declaration and was a misdirection of law, and improperly hypothesized facts, and was confusing and misleading, because such objections are too general to merit consideration on review. The objection that No. 2 assumed that the money or property referred to therein was the property of Viola Flanagan is without merit. The submission was preceded by the words "if you believe and find from the evidence, in this case, beyond *576 a reasonable doubt," and was followed by the admonition that unless the jury found the facts as above stated, defendant should be acquitted, which clearly negatives the idea that the truth of any of the facts therein hypothesized was assumed. State v. Wyatt, Mo.Sup., 276 S.W.2d 86, 89 [3]. Appellant contends that there is a conflict between No. 2, which requires the jury to find that defendant committed the acts set forth therein, and No. 6, which instructs that all persons are equally guilty who act together with a common intent in the commission of a crime; that a crime so committed by two persons jointly is the act of all and each one so acting, and that when two persons knowingly act together in the commission of an unlawful act or purpose, whatever either does in furtherance thereof is in law the act and deed of each of such persons. Since the evidence indicated that defendant and another participated in the commission of the crime, but did not clearly indicate which of the two perpetrated the actual assault and grabbing of the purse, Instruction No. 6 was appropriate and correct in form and substance, State v. Reece, Mo.Sup., 324 S.W.2d 656, 660 [9], and did not conflict with main verdict-directing Instruction No. 2. It was not necessary for No. 2 to require a specific finding that defendant acted together with another jointly with a common intent. Reading Nos. 2 and 6 together, the jury was clearly instructed on the matter of joint commission, and under the evidence and instructions was entitled to find defendant guilty as charged and as submitted.
Appellant's eighth assignment attacks Instruction No. 6 on the ground that it is an abstract statement of law; fails to require a finding that defendant acted together with another with a common intent to commit first degree robbery, and conflicts with No. 2 for the reasons given in Assignment No. 7. What we have said with respect to generality and lack of conflict decides Assignment No. 8 adversely to appellant.
That part of Assignment No. 9 which does not clearly fail for generality alleges that Instruction No. 4 "should not have been given for the reason that the evidence in the case was not wholly circumstantial and the giving of said Instruction under these circumstances prejudiced the defendant." In form Instruction No. 4 properly declared the law pertaining to circumstantial evidence, but erroneously stated that "there is no direct evidence of the guilt of the defendant in this case." As indicated, there was eyewitness testimony that defendant and another strong-armed Viola Flanagan and made off with her property. The error, however, does not call for a reversal of the judgment. It did not harm the defendant. On the contrary it favored the defense, for it tended to disparage the direct testimony of the prosecuting witness and to depreciate the state's case. There was some justification for giving a circumstantial evidence instruction. The case was based in part upon inferences to be drawn from circumstances. For instance, there was no direct evidence of a felonious intent to rob. Where a case partially depends upon circumstantial evidence it is proper, although not mandatory, to instruct thereon. State v. Arnett, 338 Mo. 907, 92 S.W. 2d 897, 901 [8]; State v. Mansker, 339 Mo. 913, 98 S.W.2d 666, 672 [5]; State v. Smith, 354 Mo. 1088, 193 S.W.2d 499, 503 [12].
In Assignment No. 10 appellant raises the point that the court erred "in failing to fully instruct the Jury of all the law covering the issues raised by the information and the evidence." This is too general to merit consideration. Further, that the court failed to instruct that the burden of proof was upon the state to establish defendant's guilt beyond a reasonable doubt. Of course, it is fundamental that the instructions must include the subject of reasonable doubt. Section 546.070(4), RSMo 1949, V.A.M.S. "No case is ever submitted, none could lawfully be submitted, without a charge that the defendant in law is presumed to be innocent and the state must *577 prove his guilt beyond a reasonable doubt before he can be found guilty." Concurring opinion of Hollingsworth, J. in State v. Barton, 361 Mo. 780, 236 S.W.2d 596, 602. But that requirement was fully met in this case. Verdict-directing Instruction No. 2 commenced, "The Court instructs the jury that if you believe and find from the evidence in this case, beyond a reasonable doubt, that * * *." Instruction No. 7 properly instructed on the presumption of innocence and the continuance of the presumption throughout the trial; that the presumption of innocence "at the end entitles the defendant to an acquittal, unless the evidence in the case, when taken as a whole, satisfies you of defendant's guilt beyond a reasonable doubt," and that the jury should acquit defendant if they had a reasonable doubt of defendant's guilt.
Appellant's eleventh assignment assails the giving of alibi Instruction No. 8, which follows: "The Court instructs the jury that the defendant has interposed for a defense what is known as an alibi; that is, that even if the crime was committed, he at the time of the commission thereof, was at another and different place than that in which such offense was committed, and therefore was not and could not have been the person who committed the same. Now, if the evidence leaves in your mind a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty." Appellant says this instruction failed to tell the jury that defendant was not required to establish the efense of alibi beyond a reasonable doubt, and misdirected the jury by telling them "in effect that the burden of proof was upon the Defendant to establish his innocence beyond a reasonable doubt." An identical instruction given in State v. Williams, 309 Mo. 155, 274 S.W. 427, 435 [12], was attacked on the same ground. What this court said in the Williams case is fully applicable here, 274 S.W. l. c. 435: "The objection made to this instruction is that it does not advise the jury as to the quantum of proof necessary to establish the defense of alibi. This instruction was given in connection with one on reasonable doubt and a presumption of innocence. Where this is the case, an instruction on alibi which tells the jury, as this did, that if the evidence of this defense, in connection with all of the other relevant facts, raises a reasonable doubt of the presence of the accused at the time and place of the crime, he should be given the benefit of such doubt and be acquitted. The instruction given conforms to these requirements and limits the jury's consideration to the same rule as in the weighing of other testimony; but does not direct the jury as to a particular manner in which the evidence in support of this defense should be considered. Thus framed, the state's instruction accords with the rule announced in many cases." The same point was raised and rejected in State v. Prunty, 276 Mo. 359, 208 S.W. 91, 95 [5], in this language: "The point is not well taken. The jury was instructed as to the defense of alibi, and told that if they had a reasonable doubt of the presence of the defendants, or either of them, at the time and place where the crime was committed, they should acquit them, or either of them. This was entirely sufficient for the purpose, and gave defendants the full benefit of that defense, and did not place the burden upon them."
Appellant's twelfth assignment is error in refusing appellant's proffered Instruction No. A on the defense of alibi, but in view of the fact that the defense was properly submitted by Instruction No. 8, there could have been no error in refusing another instruction thereon.
Finally, assignment No. 13 is error in refusing appellant's proffered Instruction No. B, on the ground that it was a proper converse of Instruction No. 2. Instruction No. B, however, was not kept from the jury, for the exact language of No. B (hereinafter italicized) was incorporated in given Instruction No. 5, a proper converse instruction, which follows: "The Court instructs the jury that if you find and *578 believe from the evidence that the Defendant Edward Eugene Washington, did not rob, steal, take or carry away any property of one Viola D. Flanagan, and that defendant did not act together with any other person or persons to rob, steal, take or carry away any property of one Viola D. Flanagan, then you will find the Defendant not guilty and you will acquit him."
We have examined the information, verdict, judgment and sentence, as required by Sup.Ct. Rule 28.02, and find them sufficient in form and substance.
The judgment is affirmed.
COIL, C., not participating.
HOLMAN, C., concurs.
PER CURIAM.
The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.
All of the Judges of the Division concur and HUNTER, Special Judge, concurs.