**STATE of Missouri, Respondent,**

v.

**Dwayne Lee WILFONG, Appellant.**

**No. 53542.**

Supreme Court of Missouri,

Division No. 1.

March 10, 1969.

John C. Danforth, Atty. Gen., Jefferson City, David G. Dempsey, Special Asst. Atty. Gen., Clayton, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce & Duncan, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from judgment and sentence of two years' imprisonment on a jury verdict of guilty of second degree burglary.

At about 4:00 A.M., March 21, 1964, police officers of the City of Grandview found the chain on the door of Wilson's Food Market loose and the lock broken. Figures were seen inside the building. Officer Magness went to the rear of the building. As he got there, two persons came out of the building and he pursued them. After a short pursuit, one of the two fell and Officer Magness took him into custody. That person was the appellant, Dwayne Lee Wilfong. The officer stated that Wilfong was never out of his sight from the time he left the building until his arrest. Investigation revealed that some sixteen cartons of cigarettes had been

moved in the store, but nothing was missing.

At Wilfong's trial on a charge of second degree burglary, Officer Magness testified to the matters above related. The state also produced testimony of the owner and an employee of the store, designed to show that the store had been locked when it closed on the night of March 20, 1964, and that Wilfong had no authority to enter the store. No evidence was offered on behalf of the defendant.

The principal instruction required the jury to find the facts constituting the offense "from the evidence in this case, beyond a reasonable doubt."

Instruction No. 4 was as follows:

"The Court instructs the jury that the law presumes the innocence and not the guilt of the defendant, and this presumption attends the defendant throughout the trial, and at the end entitles the defendant to an acquittal unless the evidence in the case, when taken as a whole, satisfies you of defendant's guilt beyond a reasonable doubt.

"The Court instructs the jury that, if they have a reasonable doubt of defendant's guilt, they should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt and not a mere possibility of defendant's innocence."

The court also instructed on responsibility of persons engaged in joint criminal activity and on the credibility of witnesses.

On this appeal, the sole assignment of error is based upon the court's failure to instruct that the burden of proof was upon the state to establish appellant's guilt beyond a reasonable doubt. Appellant seeks review of this point under the plain error rule (Supreme Court Rule 27.20(c), V.A. M.R.), acknowledging that the matter was in no respect called to the attention of the trial court.

■ In the circumstances of this case, we find no basis for concluding that the absence from the court's instruction of specific reference to the state's having the burden of proof was clear error, producing manifest injustice or a miscarriage of justice. All of the evidence was consistent with a finding of guilt. There was no contradiction of the state's evidence. The jury was told that they must find the essential elements of the crime from the evidence in this case, "beyond a reasonable doubt." There being only evidence offered by the state, the necessary import of the instruction was that such evidence must have shown guilt beyond a reasonable doubt. In these circumstances, absence of specific reference to the state's burden could not have produced a manifest injustice or a miscarriage of justice.

This conclusion is supported by the decision of this court in State v. Washington, Mo.Sup., 364 S.W.2d 572, 576[13–15], where the court considered and rejected the same contention that is here advanced.

■ Appellant asserts that due process requirements of the federal and state constitutions require that a burden of proof instruction be given in a criminal case. No authority is cited in support of the claimed constitutional question. The presumption of innocence has been recognized as an essential of due process of law in criminal proceedings. 16A C.J.S. Constitutional Law § 589, p. 645. The appellant here had every benefit of that presumption. The absence of the words "the burden of proof is on the state" in the court's instructions did not deprive the appellant of an essential of a fair trial.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.