STATE of Missouri, Respondent,

v.

Robert L. TINDALL, Appellant.

No. KCD 26488.

Missouri Court of Appeals,
Kansas City District.

June 4, 1973.

Henri J. Watson, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER, and SWOFFORD, JJ.

SWOFFORD, Judge.

Defendant shot and killed one Arthur Roberts on September 10, 1971, and was charged with murder in the first degree. His trial resulted in his conviction of murder in the second degree and he was sentenced to ten years in the custody of the Department of Corrections. He admitted the shooting, claiming self-defense.

This appeal was perfected from such conviction and sentence, the appellant asserting herein that such conviction should be reversed by this court upon two grounds: *First*, that the trial court erred in giving Instruction No. 6 (self-defense) for the reason that said instruction improperly placed the burden of proof upon appellant to prove self-defense; and *Second,* that said Instruction No. 6 did not advise the jury that the state had the burden of proving beyond a reasonable doubt that appellant did not act in self-defense and that all of the instructions considered together failed to correct this error.

Actually, these two grounds are the same and resolve down to the argument that the jury was not properly instructed upon the burden of proof as to self-defense.

These allegations of error were not properly raised nor preserved for our review in defendant's motion for a new trial in the court below. The only part of said motion referring to instructions states:

"5. The court erred in the giving of the instructions particularly the instruction concerning the fact that the jury could find the defendant guilty but allowed the court to assess the punishment."

■ The portion of this allegation of error regarding the assessment of punishment was neither briefed nor argued before us. The motion is completely and wholly insufficient to preserve the matters which were briefed and argued as above noted, Rule 27.20(a), V.A.M.R., and we are not asked to review these matters as plain error under Rule 27.20(c). We would be justified in dismissing this appeal, but will not do so, and will review the record before us because we believe the plain error Rule 27.20(c) is "particularly appropriate", State v. Randall, 476 S.W.2d 593 (Mo. 1972), and that the alleged error directly involves the constitutionally guaranteed rights of the defendant to a fair trial.

■ Since the matters urged as grounds for reversal relate to the alleged error in Instruction No. 6 on self-defense, a brief review of the evidence on this defense is necessary.

The shooting was admitted by defendant and occurred in a parking area adjacent to a drug store at 2701 Prospect in Kansas City, Missouri on September 10, 1971. The deceased was shot three times, two of the bullets entering the front of his body

and one in the back. One bullet was recovered and was identified as having been fired from a .38 caliber weapon. The murder weapon was not in evidence. The shooting occurred at about 9:30 p. m. and the defendant gave himself up the following morning.

The transcript before us has been studied in fine detail and on the matter of self-defense these facts emerge as supportive of this defense. They come largely (if not entirely) from defendant's own testimony.

The defendant "went with" decedent's sister, Bertha Roberts, and the relationship between defendant and decedent was hostile. Three or four days before the homicide, the deceased had "pulled a pistol" on defendant at 33rd and Brooklyn and shot at him. The shot missed defendant, but hit a friend in the arm.

On the night of the homicide, the defendant and Bertha Roberts went to the Santa Fe Drug Store at 2701 Prospect. While they were there, the decedent came in, went up to his sister and said, "Where is your punk-assed man at?" He was in "a raging mood". He apparently did not see defendant, who was in another part of the store. The decedent then left by the front door. Defendant told Bertha they should leave as "I didn't want no trouble". He then left the store and started toward his car. He encountered Arthur, the deceased, in the parking lot. Arthur began "arguing" with him and defendant tried to walk away. Arthur then hit defendant in the face with his fist and then pulled out a revolver, shot at defendant, and again missed. Defendant "lunged at decedent", took the revolver away from him and "shot him" twice. Someone else started shooting and defendant fled the scene to his brother's home. He denied unequivocally that he was armed that evening, but admitted carrying fire-arms on previous occasions —"for sale".

This testimony of self-defense was refuted in almost every vital particular by the state's evidence and physical facts, but we believe, and so hold, that it was sufficient to warrant the submission of self-defense to the jury.

We adopt the judicial position expressed in State v. Malone, 327 Mo. 1217, 39 S.W. 2d 786 (1931), where the court, reviewing a conviction for second degree murder where self-defense was asserted, said, 1. c. 789:

"However improbable may seem defendant's story * * * we cannot judicially say it is impossible. Its truth or falsity was for the jury to determine."

■■■ The only question remaining is whether or not such defense was properly submitted. Was Instruction No. 6 erroneous as claimed by defendant?

This instruction was as follows:

### "INSTRUCTION NO. 6

The Court instructs the jury that the right to defend one's self from danger is a right to which a person may have recourse under certain circumstances and conditions, in order to prevent an apprehended injury to himself by another. Therefore, if you believe and find from the evidence in this case that at the time the defendant made the assault upon one Arthur Roberts, if you find he did so make an assault upon him, he had reasonable cause to believe, and did believe that the said Arthur Roberts was about to take his life or to do him some great bodily harm or personal injury, and if you further believe and find from the evidence that he had reasonable cause to believe and did believe that it was necessary for him to make the assault upon the said Arthur Roberts in order to protect himself from such danger, and that he had reasonable cause to believe and did believe, that it was necessary to use such means to protect himself, then he should be acquitted on the grounds of self-defense.

Whether the defendant had reasonable grounds to believe that such danger existed and whether he made the assault upon the said Arthur Roberts in the honest belief that it was necessary for the protection of his life or person are questions which you must determine from all the evidence in the case. Although the defendant may have really believed himself to be in danger, yet he cannot be acquitted on the grounds of self-defense unless it further appears from the evidence that he had reasonable cause for such belief. On the other hand, even if no real danger existed, yet if the defendant had reasonable cause to believe that it existed, he would be justified in acting upon such belief. If you believe from the evidence that the defendant made the assault upon the said Arthur Roberts unnecessarily, if you find he did so assault him, when he did not have reasonable cause to believe that the said Arthur Roberts was then about to kill him or do him some great bodily harm or personal injury, then there is no self-defense in the case and you cannot acquit the defendant on that ground.

(Given 1/27/72 W. J. P.)"

We cannot agree that this instruction in terms shifts the burden of proof on the issue of self-defense from the state (where such burden admittedly rests throughout the case) to the defendant. Thus, it is not to be faulted for the use of terms such as those held objectionable in prior decisions. In State v. Malone, 327 Mo. 1217, 39 S.W. 2d 786 (1931), the burden of proving self-defense was specifically upon the defendant. In the cases of State v. Davis, 342 Mo. 594, 116 S.W.2d 110 (1938), State v. Robinson, 255 S.W.2d 798 (Mo.1953) and State v. Randall, 476 S.W.2d 593 (Mo. 1972), the instructions required a finding that the defense facts "have been *established* by the evidence." In State v. Minnis, 486 S.W.2d 280 (Mo.1972), the instruction authorized finding the defendant guilty of murder unless it found the elements of self-defense "beyond a reasonable

doubt." In State v. Ford, 491 S.W.2d 540 (Mo.1973), the instruction authorized finding defendant guilty of manslaughter unless it found from the evidence "by the greater weight thereof", that the defendant acted in self-defense.

The burden of proof instruction given in this case is as follows:

### "INSTRUCTION NO. 8

The Court instructs the jury that the law presumes the innocence and not the guilt of the defendant, and this presumption of innocence attends the defendant throughout the trial, and at the end entitles the defendant to an acquittal, unless the evidence in the case, when taken as a whole, satisfies you of defendant's guilt beyond a reasonable doubt, as defined in these instructions.

The Court instructs the jury that if they have a reasonable doubt of defendant's guilt, they should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt and not a mere possibility of defendant's innocence."

■ It has been a long-standing principle in our law that instructions are to be considered together. State v. Vainikos, 366 S.W.2d 423 (Mo. banc 1963); State v. Gailes, 428 S.W.2d 555 (Mo.1968); State v. Prigett, 470 S.W.2d 459 (Mo. banc 1971). This principle has application to self-defense submissions as well. State v. Dill, 282 S.W.2d 456 (Mo.1955). Defendant urges, however, that since Instruction No. 8 did not specify that the state had the burden of proving defendant guilty beyond a reasonable doubt, it was erroneous and did not resolve the ambiguity and confusion caused by Instruction No. 6 which does not explicitly instruct that the state has the burden of proof on the issue of self-defense. The law in this state as it existed at the time this cause was tried, and as it exists now, continues to be that a

burden of proof instruction in a criminal case is not made erroneous by the omission therefrom of a specific statement that the burden of proof is on the state, provided the hypotheses of "presumption of innocence" and "reasonable doubt" are clearly stated. State v. Barton, 361 Mo. 780, 236 S.W.2d 596 (banc 1931); State v. Washington, 364 S.W.2d 572, 576 (Mo.1963); State v. Wilfong, 438 S.W.2d 265, 266 (Mo.1969), cert. den., 396 U.S. 995, 90 S. Ct. 496, 24 L.Ed.2d 460.[1] The law also continues to be that because a jury is deemed to read and understand the instructions as a single charge, an instruction—such as Instruction No. 8—which requires a finding of guilt beyond a reasonable doubt, sufficiently submits the state's burden on the issue of self-defense as well because, "after all, that burden is merely a part of the general burden of the state to prove defendant's guilt beyond a reasonable doubt". State v. Dill, *supra*, 282 S. W.2d 1. c. 460(3).

We would question the continuing validity of this rule of law which denies a criminal defendant an instruction specifically placing on the state the burden of proving absence of self-defense beyond a reasonable doubt—and does so on the questionable assumption that the usual juror will understand from the general burden of proof instruction that, although the defendant would obviously benefit from a finding of self-defense, he has no burden with respect

to that submission. State v. Minnis, supra, 486 S.W.2d 1. c. 285(7) (marginal note 1); State v. Robinson, 255 S.W.2d 798, 799(2, 3) (Mo.1953). We do not do so, however, for two reasons. Firstly, on May 18, 1973, the Supreme Court en banc promulgated Rule 20, entitled "Instructions and Verdict Forms in Felony Cases", and thereby approved MAI–CR 2.40 for required use commencing January 1, 1974. This instruction, which will become the required submission on self-defense, explicitly directs: "The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense". We do not now question the validity of the rules of law by which this case was tried and submitted for another reason. The defendant was tried fairly and convicted by record evidence overwhelming as to guilt. The instructions by which guilt was determined were on models repeatedly approved by the courts, and representing the present state of the law in Missouri.

◼ We find no error as urged by the defendant in Instruction No. 6, and we further find that under the present state of the Missouri law, Instruction No. 8 properly advised the jury as to the burden of proof.

The judgment is accordingly affirmed.

All concur.

[1]. MAI–CR 2.20, effective January 1, 1974, after stating the presumption of innocence of defendant, contains the statement "This presumption places upon the state the burden of proving that the defendant is guilty beyond a reasonable doubt." In the Committee notes, it is stated that the presumption of innocence should be coupled with its inevitable result placing the burden of proof upon the state—otherwise, states the committee, the presumption is "left dangling" without explanation of its true function. We agree both with this comment and with the form of instruction MAI–CR 2.20, to which we add the observation that juries after January 1, 1974 will be more clearly instructed in this area than was the jury in the case at bar. However, in the light of the above authorities, we do not feel justified in reversing its verdict because a better method of instructing will in the future be employed.

MAI–CR 2.20 will not define "reasonable doubt", but we are not here concerned with the definition of that term in Instruction No. 8, since defendant makes no complaint as to that part of the instruction.