**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Leroy BYNUM, Defendant-Appellant.**

**No. KCD 26545.**

Missouri Court of Appeals,
Kansas City District.

April 1, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, William A. Mayer, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged by information with driving a motor vehicle "without the consent of the owner" in violation of paragraph 1 of Section 560.175, RSMo 1969, V.A.M.S. A jury found defendant guilty as charged and fixed his punishment at three (3) years and one (1) day in prison. Section 560.180, RSMo 1969, V.A.M.S. Allocution was granted, sentence was pronounced, and judgment was rendered accordingly.

Defendant charges on appeal that the verdict and judgment below should be reversed and he should be accorded a new trial because: (1) the trial court erred in permitting one of the state's witnesses, over objection, to testify on rebuttal after it was brought to the trial court's attention that the witness was in the courtroom during defendant's opening statement, since the rule excluding witnesses had earlier been invoked; (2) the trial court erred in giving Instruction No. 6 because it was vague, ambiguous, and did not correctly state the presumption of innocence attending defendant in that it incorrectly placed the burden of proof on defendant; and (3) the trial court erred in refusing Instructions Nos. B and C, requested by defendant, thereby failing to instruct the jury on the lesser included offense of riding in a stolen vehicle without consent of the owner when there was substantial evidence of such purported lesser included offense.

Defendant does not question the sufficiency of the evidence to support the jury's verdict of guilty as to the charged offense. Accordingly, a copious statement of facts is unnecessary, and those facts relevant to a proper disposal of the points on appeal will be appropriately adduced hereafter in conjunction with respective charges of error leveled by defendant.

Rumination of defendant's first charge of error calls for certain facts to put the

charge in proper dispositional perspective. Prior to commencement of the trial defendant requested that the rule excluding witnesses be invoked. The trial court thereupon invoked the rule. Patrolman Michael J. Hand, the last witness called by the state during its case in chief, inadvertently remained in the courtroom after leaving the witness stand. Defendant had reserved his opening statement until the state rested its case. Patrolman Hand was present in the courtroom when defendant's opening statement was delivered. At the conclusion of defendant's opening statement, counsel for defendant approached the bench and advised the court as follows: "As I just observed and I think Mr. Glynn [counsel for the state] did also, that the patrolman [Michael J. Hand] was sitting here during my opening statement and I would object to that witness reappearing either in rebuttal or whatever due to the fact that he has heard the opening statement." Patrolman Hand, prior to the introduction of any evidence on behalf of the defendant, departed the courtroom at the request of counsel for the state and did not return until called as a rebuttal witness by the state. Patrolman Hand's presence in the courtroom during defendant's opening statement was not the result of any collusion or connivance on the part of the state and defendant makes no charge that it was. In view of certain evidence adduced by defendant—that he had been drinking at a bar the evening in question prior to his arrest for the charged offense and that Patrolman Hand struck him with a "billy club" during the course of his arrest—the state recalled Patrolman Hand as a rebuttal witness. Prior to putting Patrolman Hand on the stand in rebuttal the state, by way of an offer of proof, informed the court that rebuttal would be confined to two limited areas, (1) that Patrolman Hand did not strike defendant with a "billy club" and (2) that defendant did not appear to Patrolman Hand to be intoxicated. Although defendant's opening statement was not included in the transcript on appeal, the trial court, prior to permitting Patrolman Hand to take the stand in rebuttal and in overruling defendant's objection, stated of record that neither of the two limited areas related to "anything mentioned by the defendant's attorney in his opening statement." The trial court then permitted the state to call Patrolman Hand as a rebuttal witness for the limited purposes heretofore mentioned, and the patrolman's testimony on rebuttal was, in fact, confined solely to the two limited areas mentioned.

■ At the outset, it is to be noted that to invoke or not invoke the rule excluding witnesses during the course of a criminal trial, even though requested by an accused, rests squarely within the discretion of the trial court, and does not constitute a matter of right on the part of an accused. State v. Foster, 349 S.W.2d 922, 923 (Mo.1961); and State v. Lord, 286 S.W.2d 737, 741 (Mo.1956). When the rule has been invoked, the state is not automatically deprived of a disobeying witness' testimony. Whether a disobeying witness shall be permitted to testify for the state on rebuttal again rests squarely within the discretion of the trial court. State v. King, 342 Mo. 975, 990, 119 S.W.2d 277, 285 (1938). Two basic considerations are involved in determining whether a trial court has abused its discretion in this latter regard. Did the state have knowledge of and court the rebuttal witness' disobedience? State v. Welch, 191 Mo. 179, 190, 89 S.W. 945, 948 (1905) and State v. Sloan, 186 S.W. 1002, 1003 (Mo.1916). Did the disobeying rebuttal witness hear, either by way of an opening statement or the testimony of witnesses, the matter he was called to rebut, thereby influencing the truth of his rebuttal testimony? State v. Sloan, supra, and State v. Rinck, 467 S.W.2d 897, 899 (Mo.1971). In the particular context of this case, the answer to both of the questions heretofore posed is resoundingly no. Accordingly, there was no abuse of discretion on the part of the trial court in permitting the state to recall Patrolman Hand in rebuttal, on the restricted

and limited basis disclosed by the record. The trial court obviously exercised great caution in the matter, exemplifying the exercise of judicial discretion at its best. Defendant's argument, the relevant facts and the applicable law, singularly or collectively, fail to impute any abuse of discretion on the part of the trial court and defendant's contention otherwise is hyperbolical. More to the point, defendant's first charge is a caviling attack as clearly demonstrated by the following statement contained in defendant's brief: "Patrolman Hand later testified on rebuttal in only two areas—one; whether or not the defendant was intoxicated, and two; whether or not he had struck defendant. It is not clear yet as to whether or not these points were brought out in defendant's opening statement as the opening statement was not made a part of the trial transcript. But from the fact that both points were brought out in the direct examination of both the defendant and his witness and occupy several pages of transcript, it is reasonable to conclude that both or at least the area of voluntary intoxication were mentioned in the opening statement."

Defendant's second charge of error is leveled at the burden of proof instruction given by the trial court which reads as follows:

"The Court instructs the jury that the law presumes the innocence and not the guilt of the defendant, and this presumption of innocence attends the defendant throughout the trial, and at the end entitles the defendant to an acquittal, unless the evidence in the case, when taken as a whole, satisfies you of defendant's guilt beyond a reasonable doubt, as defined in these instructions.

The Court instructs the jury that if they have a reasonable doubt of defendant's guilt, they should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt and not a mere possibility of defendant's innocence."

■■ The second point in defendant's brief, directed toward the above instruction, read in conjunction with the relevant argument portion of the brief, is hazy at best. Assimilation of the argument and the point supports the conclusion that defendant's attack is threefold, (1) that the instruction as a whole incorrectly placed the burden of proof on defendant by omission of an affirmative statement that the burden of proof was on the state, (2) that the first paragraph of the instruction did not clearly state the hypothesis of presumption of innocence, and (3) that the second paragraph in the instruction did not clearly state the hypothesis of reasonable doubt. A verbatim burden of proof instruction was recently approved by this court in State v. Tindall, 496 S.W.2d 267 (Mo.App.1973). In *Tindall*, pp. 270, 271, this court, regarding, as noted, a burden of proof instruction identical to the one herein involved, held:

"The law in this state as it existed at the time this cause was tried, and as it exists now, continues to be that a burden of proof instruction in a criminal case is not made erroneous by the omission therefrom of a specific statement that the burden of proof is on the state, provided the hypotheses of 'presumption of innocence' and 'reasonable doubt' are clearly stated. State v. Barton, 361 Mo. 780, 236 S.W.2d 596 (banc 1931); State v. Washington, 364 S.W.2d 572, 576 (Mo.1963); State v. Wilfong, 438 S.W. 2d 265, 266 (Mo.1969), cert. den., 396 U. S. 995, 90 S.Ct. 496, 24 L.Ed.2d 460."

It is unassailably explicit in *Tindall* that omission of an affirmative statement that the burden of proof was on the state did not render Instruction No. 6 erroneous. It is implicit in *Tindall* that Instruction No. 6 clearly stated the hypotheses of both presumption of innocence and reasonable doubt. Any doubt about the first para-

graph correctly stating the hypothesis of presumption of innocence is dissolved by State v. Hudspeth, 159 Mo. 178, 60 S.W. 136 (1900), where an instruction consisting of one paragraph identical to the one in question was approved. Likewise, any doubt about the second paragraph correctly stating the hypothesis of reasonable doubt is dissolved by State v. Brown, 360 S.W.2d 618 (Mo.1962), where an instruction consisting of one paragraph identical to the one in question was approved. The conclusion herein reached, that the giving of Instruction No. 6 did not constitute error, is buttressed by the fact that in *Tindall* an exculpatory matter was also instructed upon, which is not the case here. Further, Instructions Nos. 3 (state's verdict directing instruction) and 5 (conversing the state's verdict directing instruction) given, which are to be considered in conjunction with Instruction No. 6 [State v. Vainikos, 366 S.W.2d 423 (Mo. banc 1963) and State v. Prigett, 470 S.W.2d 459 (Mo.1971)] militate against defendant's attack on Instruction No. 6, since they required the jury to find the defendant guilty of the charged offense beyond a reasonable doubt. State v. Washington, 364 S.W.2d 572 (Mo.1963). This court is not unmindful that in *Tindall* it recognized that MAI—CR 2.20, effective January 1, 1974, affirmatively stating that the burden of proof is on the state, is much more preferable than the burden of proof instruction given in this case. However, as in *Tindall,* in light of the prevailing case authority existing at the time this case was tried, no precedential justification exists to fatally condemn Instruction No. 6.

To properly come to grips with defendant's third charge of error, it is necessary to relate certain evidentiary facts. As heretofore noted, defendant does not question the sufficiency of the evidence to support the jury's verdict of guilty of the charged offense of driving a motor vehicle without the permission of the owner. The gravamen of defendant's third charge of error is that by virtue of his own testimony, pertinent parts of which are hereinaft-

er set forth, the jury should have been instructed on his knowingly riding in a motor vehicle which was stolen, since it was a lesser included offense and there was subtantial evidence to support the giving of such an instruction. Instructions B and C requested by defendant, and refused by the trial court, tendered the alleged lesser included offense.

Defendant testified on his own behalf and, among other things, stated that on the night in question he had been drinking at a bar located at 59th and Prospect in Kansas City, Missouri, and upon leaving was given a ride by a couple occupying a car parked in front of the bar. Defendant was let out of the referred to car at 27th and Paseo, at which point defendant obtained a ride from a passing male motorist in a motor vehicle which turned out to have been stolen. Defendant further testified that with the passing male motorist driving, and himself riding as a passenger, the motor vehicle travelled north on Paseo and upon reaching the vicinity of 19th and Paseo, defendant heard a siren. Defendant's testimony then continued as follows: "And when—I asked him to slow down—rather I asked him why didn't he slow down and he told me that the car was stolen and before I could say too much more about it being stolen he had slowed down to a point where he just jumped out, you know, and then I got behind the wheel to keep from running into a tree and when I stopped the car the police officer was just pulling up behind the car and I got out and tried to explain."

The sole and decisive question posed by defendant is whether "knowingly" riding "in a motor vehicle which has been stolen or is being operated without the consent of the owner thereof", a misdemeanor under paragraph 4 of Section 560.175, supra, and paragraph 2 of Section 560.180, supra, is a lesser included offense of the greater offense of driving a motor vehicle without permission of the owner, the charge leveled by the state against defendant, a felony under paragraph 1 of Section 560.175,

supra, and paragraph 1 of Section 560.180, supra.

This is a frontier question in this state and neither party on appeal has cited any cases from other jurisdictions in support or aid of their respective positions, nor has this court's own independent research disclosed any cases in other jurisdictions aiding resolution of the question. If the answer to the posed question is no, the trial court was not guilty of error in refusing Instructions B and C requested by the defendant.

■ The Supreme Court of this state, in State v. Amsden, 299 S.W.2d 498, 504 (Mo.1957), quoted with approval the following test laid down in 27 Am.Jur., Indictments and Information, Sec. 194, p. 739, for determining what constitutes a lesser included offense, and the same test was likewise quoted with approval and followed in State v. Friedman, 398 S.W.2d 37, 39 (Mo.App.1965):

" . . . (T)he lesser crime must be included in the higher crime with which the accused is specifically charged, and *that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense.* If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; *but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.*" (Emphasis added.)

A test of the facts of this case by the principles enunciated above must be prefaced by a brief analysis of Section 560.175, supra. It appears that to "drive" a motor vehicle without permission of the owner, in the context employed in paragraph 1 of Section 560.175, supra, connotes physical operation and control of a motor vehicle as opposed to mere presence in a motor vehicle, and, conversely, to "knowingly ride in a motor vehicle" that has been stolen or is being operated absent the consent of the owner, in the context employed in paragraph 4 of Section 560.175, supra, connotes nothing more than mere presence in a motor vehicle with knowledge that it was stolen or being operated without the consent of the owner. Perforce, an information charging an accused of the felony of driving a motor vehicle without permission of the owner is not required to contain an averment that the accused "knowingly" rode in "a motor vehicle" that had "been stolen" or was "being operated without the consent of the owner", although such is an essential averment of an information charging an accused of the misdemeanor of "knowingly" riding "in a motor vehicle" that was stolen or being operated absent the consent of the owner. Conversely, an information charging an accused of the misdemeanor of "knowingly" riding "in a motor vehicle" that was stolen or being operated absent the consent of the owner requires an averment setting such forth since it is a necessary element of the misdemeanor, but no such averment is required in an information charging an accused of the felony of driving a motor vehicle without permission of the owner, since it is not a necessary element of the felony.

■ Having tested the felony of driving a motor vehicle without the permission of the owner and the misdemeanor of "knowingly" riding in "a motor vehicle" that was stolen or being operated absent the consent of the owner, by the principles quoted with approval in State v. Amsden, supra, this court holds that "knowingly" riding in "a motor vehicle" that was stolen or being operated absent the consent of the owner (paragraph 4 of Section 560.175, supra) is not a lesser included offense of the felony of driving a motor vehicle without the consent of the owner (paragraph 1, Section 560.175, supra). Since defendant herein was charged solely with the commission of a felony under paragraph 1, of Section

560.175, supra, the trial court did not err in refusing Instructions Nos. B and C requested by defendant.

Judgment affirmed.

All concur.