**STATE of Missouri, Respondent,**

v.

**William NANCE, Appellant.**

**No. 34747.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 9, 1974.

---

1. This opinion is not to be construed as holding plaintiff may recover "a lump sum representing *future* commissions."

Madigan, Hadican & Maloney, St. Louis, for appellant.

John Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, St. Louis, for respondent.

KELLY, Judge.

Appellant was convicted of the offense of assault with intent to kill with malice aforethought, Sec. 559.180 RSMo 1969, V. A.M.S., and, the trial court having determined that he had previously been convicted of the offense of robbery in the first degree and was, therefore, subject to the provisions of Sec. 556.280 RSMo 1969, V. A.M.S., more commonly known as The Habitual Criminal Act, reserved sentencing to the Court until the jury returned its verdict finding appellant guilty of the charge of assault with intent to kill with malice aforethought. The Court then assessed defendant's sentence at 40 years in the Missouri Department of Corrections. A motion for new trial was filed, heard and overruled; allocution was granted and appellant was sentenced in accordance with the verdict of the jury and the sentence assessed by the trial judge. This appeal followed.

On appeal two points are presented, both attacking instructions read to the jury by the court. The first point is that the State's verdict-directing instruction, Instruction No. 2, was prejudicially erroneous because it ignored the issue of self-defense in the case. The second point is that the self-defense instruction read to the jury by the trial court is prejudicial because it does not inform the jury that the burden of proof on this issue is upon the State.

We conclude that there is no merit to either of these contentions and affirm the judgment of the trial court.

Appellant does not attack the sufficiency of the evidence to support his conviction. A short statement of the relevant facts is therefore sufficient for our purposes in considering the errors alleged.

At sometime between 1:00 a. m. and 3:05 a. m. on the morning of April 18, 1971, in the City of St. Louis, Missouri, and in the vicinity of 4911 Natural Bridge Avenue, Gary Maufas, an off-duty Metropolitan St. Louis Police officer, was driving an automobile with a fellow police officer, Jerome Johnson, riding as a passenger. Both officers were on vacation, had been out together that evening for some "lounge hopping," and Maufas was driving Johnson home. When the officers arrived in the 4900 block of Natural Bridge Avenue and were proceeding westwardly past the Embassy Hall at 4911 Natural Bridge Avenue, Maufas observed a man in front of a crowd gathered outside the hall "flourishing a weapon." Maufas stopped the car he was driving, double-parked it, and alighted from the driver's side of the car and approached the man with the gun. Maufas was in civilian clothes at the time and so was Johnson. As Maufas approached the armed man he pulled his wallet out of his pocket and exposed his badge to identify

himself as a policeman, announced that he was a policeman, and almost immediately thereafter he was shot by the man, subsequently identified as the appellant. Maufas suffered four gunshot wounds: one in the stomach, one in the left arm, one in the left hip or leg, and one in the lower back.

Appellant testified that he was wearing a watchman's uniform and was on duty as a security guard at a dance being held in the Hall; that he did not know Maufas and Johnson were policemen and that the altercation erupted when he, the appellant, asked them to move their double-parked car so that a patron of the dance could leave. Appellant further testified that he turned his back, started to walk away, and Maufas started towards him. An exchange of words followed, and as appellant proceeded to walk towards the sidewalk he heard a friend call out that Maufas had a gun. Appellant turned, observed a ".38 nickel plated chrome revolver" in Maufas' hand, and he then pulled his gun out of his holster and shot Maufas.

There was conflict in the testimony, but this was resolved by the jury in their verdict, adversely to appellant's theory of the case, to-wit: accident and self-defense.

■ Appellant's argument with respect to Instruction No. 2, the State's verdict director, is that it is prejudicially erroneous because it ignores the self-defense issue, does not refer to the self-defense instruction given, Instruction No. 3, and does not require the jury to find any fact negativing that defense.

If appellant were correct in his argument and the State's verdict-director ignored the self-defense issue, the trial court would have committed error which would not be cured by submitting a separate instruction on the self-defense issue. State v. Clary, 350 S.W.2d 809, 813 [5] (Mo.

1961). However, as in State v. Clary, *supra,* the State's verdict director here defined "malice" as "the intentional doing of a wrongful act *without just cause or excuse*" (emphasis supplied) and that has been held sufficient. Appellant relies on State v. Winn, 324 S.W.2d 637 (Mo.1959), but that case affords him no succor here. A careful reading of Winn demonstrates that the verdict director—Instruction No. 2—submitting assault with intent to kill with malice aforethought contained similar verbiage to that defining malice in this case and was approved. However, the verdict directing instruction on the lesser included offense of assault with intent to kill without malice—of which lesser included offense Winn was convicted—did not contain a definition of "malice" and did not negate the self-defense in the case. It was therefore, the verdict director submitting the lesser included offense which was held prejudically erroneous and brought about the remand.

We rule this point against appellant.

■ Appellant's second and final point is also meritless. He relies on State v. Robinson, 255 S.W.2d 798 (Mo.1953); however, the portion of the Robinson decision upon which appellant relies was subsequently held to be dicta only and not representative of Missouri law in State v. Dill, 282 S.W.2d 456, 460 (Mo.1955). Here, Instruction No. 5, announced to the jury that the burden of proof was on the state to prove beyond a reasonable doubt the guilt of the appellant. Instruction No. 2, the state's verdict director, also instructed the jury that to find the appellant guilty they must believe that the evidence had proved his guilt beyond a reasonable doubt. The other cases relied upon by appellant can also be distinguished because in each specific language placing the burden of proof on the issue of self-defense was placed squarely on the defendant.[1]

---

1. Among the cases relied on by appellant which are distinguishable are: State v. Robinson, *supra;* State v. Malone, 327 Mo. 1217,

39 S.W.2d 786 (1931); State v. Minnis, 486 S.W.2d 280 (Mo.1972); and State v. Ford, 491 S.W.2d 540 (Mo.1973).

State v. Tindall, 496 S.W.2d 267 (Mo. App.1973) is in point and, we conclude, correctly ruled this point in accord with Missouri law as it was prior to January 1, 1974, when the new MAI–CR became effective. The instruction in Tindall was identical to the self-defense instruction in this case, and there, as here, the appellant contended that he was prejudicially required to carry the burden of proof on the self-defense issue. In Tindall, the court, 496 S.W.2d l.c. 271, after reiterating that it has been a long-standing principle in the law of this state that instructions are to be considered together, and that this principle has application to self-defense submissions as well, said: "The law also continues to be that because a jury is deemed to read and understand the instructions as a single charge, an instruction—such as Instruction No. 8 (the burden of proof instruction)—which requires a finding of guilt beyond a reasonable doubt, sufficiently submits the state's burden on the issue of self-defense as well because, 'after all, the burden is merely a part of the general burden of the state to prove defendant's guilt beyond a reasonable doubt.' " This was the case here too, and the jury, reading the instructions together, would necessarily conclude that it was the burden of the state to prove appellant's guilt beyond a reasonable doubt, which would necessarily include proving beyond a reasonable doubt that the appellant was not acting in self-defense when he committed the offense.

We also rule this point against appellant. We have examined the record pursuant to Rule 28.02 V.A.M.R. with respect to the substitute information in lieu of indictment, verdict, judgment, and sentence, and find them to be in proper form. We therefore affirm the judgment of the trial court.[2]

DOWD, C. J., and SIMEONE, J., concur.

2. However, see MAI–CR 2.40 for the appropriate instruction subsequent to January 1, 1974.