**Guss MAGGITT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39538.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 26, 1978.

Fred Boeckmann, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., David O. Fischer, St. Louis, for respondent.

SMITH, Judge.

Movant appeals from the action of the trial court, after evidentiary hearing, denying his motion pursuant to Rule 27.26. The motion sought to set aside movant's second degree murder conviction and forty year sentence. We affirm.

■ On appeal movant advances two contentions, i. e. (1) that he was denied due process because the trial court did not order a pre-sentence investigation prior to sentencing movant and (2) that the self-defense instruction was improper because it did not include any reference to the burden of proof. Both of these matters could and should have been raised on movant's direct appeal. Neither was. *State v. Maggitt,* 517 S.W.2d 105 (Mo. banc 1974). They are not the proper subjects for a Rule 27.26 proceeding. *Sherrill v. State,* 515 S.W.2d 611 (Mo.App.1974) [1, 2].

■ Additionally, the same attack on the same self-defense instruction has been rejected in *State v. Cooksey,* 499 S.W.2d 485 (Mo.1973) [5, 6]; *State v. Tindall,* 496 S.W.2d 267 (Mo.App.1973); *State v. Nance,* 508 S.W.2d 517 (Mo.App.1974) [2]; *State v. Robinson,* 516 S.W.2d 40 (Mo.App.1974) [1, 2]; *Duncan v. State,* 520 S.W.2d 123 (Mo.App.1975) [6]. We reject it again.

■ Similarly the contention concerning the pre-sentence investigation has been decided adversely to movant in *State v. Maloney,* 434 S.W.2d 487 (Mo.1968) [15–17]; *Griffith v. State,* 504 S.W.2d 324 (Mo.App. 1974) [7–9]; *State v. Tettamble,* 517 S.W.2d 732 (Mo.App.1974) [7]; *State v. Webb,* 527 S.W.2d 728 (Mo.App.1975) [7–10]; *State v. Goforth,* 535 S.W.2d 464 (Mo.App.1976) [9, 10]. Movant contends that *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) supports his position that a pre-sentence investigation is mandatory. We disagree. *Woodson* involved the mandatory death penalty statute of North Carolina. In holding that the statute was unconstitutional because it was mandatory, the plurality opinion of the Court emphasized the qualitative difference between the death penalty and imprisonment for any length of time. The language of the decision must be read with that in mind. We do not interpret that opinion as making pre-sentence investigations in non-capital cases mandatory.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.