STATE OF MISSOURI, Respondent, v. EUGENE KIZER, Appellant, No. 41766—230 S. W. (2d) 690.

Division Two, June 13, 1950.

*Joslyn & Joslyn* for appellant.

*J. E. Taylor*, Attorney General, and *Robert L. Hyder*, Assistant Attorney General, for respondent.

BOHLING, C.—Eugene Kizer, charged with the murder, in the first degree, of Bob Layne was found guilty of murder in the

second degree and his punishment assessed at ten years' imprisonment. §§4376, 4377, R. S. 1939, Mo. R. S. A. Defendant appealed. He has filed no brief but his motion for new trial alleged error in failing to instruct on manslaughter and on defense of habitation.

The State made a submissible case. There was evidence that Bob Layne was attempting to borrow $5.00 about 5:00 p. m., or later, on October 30, 1948, at a store in or near Dorena, Mississippi county, Missouri, and stated he would try to secure the $5.00 from defendant. Later that evening he was found suffering from gun shot wounds in the right arm, left chest, right hip, and abdomen. He had no weapons about him. His death, on November 1, 1948, resulted from the wounds. Defendant admitted shooting Layne wtih a .22 caliber single shot rifle.

Defendant testified that he told Layne at the store he did not have $5.00. Defendant then went to a show. On his way home about 9:30 p. m. and while about 150 yards from his home, he heard a noise, like someone beating on the side of a building, and then he heard his wife hollering. He started running towards his home. He testified that the man was pounding at the back door with an axe; that the gate slammed when he, defendant, entered the yard and the man stopped pounding; that the man then "broke at me" with an axe; that it was Bob Layne; that defendant ran into his house; that Layne said: "Goddamn you, I'll kill you"; that defendant said: "Go on, Bob, I ain't done nothing; I don't want no trouble; you let me alone"; that Layne "broke the door in and I shot." Defendant further testified that Layne then went around the house and when Layne started to enter the house through the back door, he shot Layne again.

There was also testimony, adduced by the State and corroborated by defendant, that defendant had stated: "Yes, I shot Bob Layne. He tried to break in my house."

The evidence does not establish an actual battery upon defendant's person and, hence, is insufficient to require an instruction on manslaughter. State v. Ferguson, 353 Mo. 46, 182 S. W. 2d 38, 40[2-4]; State v. Bongard, 330 Mo. 805, 813(II), 51 S. W. 2d 84, 88(II), citing and reviewing cases; State v. Porter, 357 Mo. 405, 208 S. W. 2d 240, 244.

However, the evidence warranting an instruction on the defense of habitation is stronger in the instant case than in State v. Shiles (Mo.), 188 S. W. 2d 7, wherein it was held that the failure to give an instruction thereon constituted reversible error. The second point of defendant's motion for new trial is sustained. See also State v. Crowley, 345 Mo. 1177, 1183, 139 S. W. 2d 473, 476; State v. Wright, 352 Mo. 66, 175 S. W. 2d 866, 872[7, 10]; 41 C. J. S. 191, § 386.

Accordingly, the judgment is reversed and the cause is remanded for a new trial. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.