STATE of Missouri, Respondent,

v.

Eugene James RINCK, Appellant.

No. 55811.

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Jay White, Rolla, for appellant.

HIGGINS, Commissioner.

By information it was charged that Eugene James Rinck did feloniously "in the presence of one Kenneth Thorpe and others," exhibit and flourish a "20 ga. Double Barrell Shotgun, in a rude, angry and threatening manner * * *." He was convicted by a jury of the offense charged, punishment was assessed at fifty days' imprisonment in the county jail, and sentence and judgment were rendered accordingly. § 546.610, V.A.M.S.; State v. Ready, Mo., 251 S.W.2d 680.

■ Appellant contends, points V, VI, and VII, that he should have been acquitted at the close of the state's case, asserting insufficiency of evidence to show that Officer Thorpe had authority to enter defendant's home and arrest him without a warrant, and to prove intent, and that the evidence proved defendant's right to resort to force to expel the officer from his household.

Kenneth Charles Thorpe was a police officer for the City of Rolla, Missouri. On September 21, 1969, he received a call over the police radio and was dispatched to 112 South Spillman, Rolla, Phelps County, Missouri, because "someone had a gun and was threatening to kill someone." He recognized the address as the home of Mr. and Mrs. Eugene Rinck. When he arrived there, Mrs. Rinck met him at the door and said her husband "was inside drinking * * And he had a gun and was threatening her. I advised her to call the city police judge and get a warrant for his arrest. She said, 'Don't leave. Come on in.'" When he went inside the house he observed Mr. Rinck seated with a double-barreled shotgun across his lap. He asked if the gun was loaded and, upon being so advised, directed defendant to "break it open and point

it away from me. * * * His reply was to point the gun right at me. * * * I again advised him to break the gun open and point it away from me. He put both fingers on the trigger and pointed it still right at my stomach, at which time I gained enough distance I was close enough to him I pushed the gun away from my person toward the wall." Defendant "squeezed his hand" on the trigger but the gun proved to be "on safety." "I was in uniform, on duty." Officer Thorpe used mace in an effort to subdue defendant but it had little effect and he pulled his pistol to obtain the shotgun from defendant. "I * * * took out my handcuff, put the handcuff on one hand, jerked the shotgun open, broke it open, put the handcuff on the other hand. Then Officer Lambeth arrived to assist me * * *." The shotgun was a hammerless model, loaded with two shells. Officer Thorpe had no warrant and defendant stated it was his house.

Roger Lambeth, also of the Rolla police department, arrived at the Rinck home after Officer Thorpe and saw Mrs. Rinck and a little girl. Mrs. Rinck asked him to assist Officer Thorpe. He went inside the house and saw Officer Thorpe "in the process of putting the handcuffs on Mr. Rinck."

From the foregoing evidence, a jury could properly find that Officer Thorpe had authority to enter defendant's home without a warrant from the invitation and request to enter given by defendant's wife. The arrest without a warrant was justified by the manner in which the shotgun was brought to bear on Officer Thorpe, and the same evidence supported the necessary criminal intent. Finally, the evidence shows that defendant neither asked why Officer Thorpe entered the home nor requested him to leave. He simply advanced on the officer in a threatening manner. There was no evidence to support an inference that he was defending his home, and the officer was lawfully present in the house by invitation of defendant's wife. Such evidence is inconsistent with the asserted defense of habitation. City of In-

dependence v. Stewart, Mo.App., 397 S.W. 2d 765, 768–769; State v. Gibson, Mo., 300 S.W. 1106; State v. Heffernan, 124 Mo. App. 329, 101 S.W. 618; State v. Ready, supra.

■ Prior to impaneling the jury, defendant moved to exclude state's witnesses from the courtroom during voir dire and to exclude them during trial except when testifying to prevent them from conforming their testimony to that of other witnesses and the state's opening statement. The motion was overruled, and appellant charges that the denial of his motion was an abuse of the court's discretion.

The exclusion of witnesses from the courtroom during trial rests in the discretion of the trial court. State v. Lord, Mo., 286 S.W.2d 737, 741[13]. It is not shown or argued that either witness was moved to testify in conformity with the opening statement or with the testimony of each other. Consequently, no abuse of discretion is indicated. State v. Foster, Mo., 349 S.W.2d 922, 923[1, 2].

■ Appellant charges error in the refusal of Instructions D–A and D–B by which he would have charged that if the jury believed that Officer Thorpe was without lawful authority to enter defendant's premises, he had the right to resort to reasonable force to expel the officer.

The court properly refused such instructions because there was no evidence to show an absence of lawful authority for Officer Thorpe's entry or to show that defendant was trying to expel him. The only evidence on the issue showed Officer Thorpe to have entered at the invitation and request of Mrs. Rinck and that he was thereafter threatened with a shotgun as opposed to any request that he leave. It is not error to refuse instructions unwarranted by the evidence. State v. Napolis, Mo., 436 S.W. 2d 645. State v. Kizer, 360 Mo. 744, 230 S.W.2d 690, and State v. Shiles, Mo., 188 S.W.2d 7, cited by appellant, are distinguishable. Both were murder cases. In the first, the deceased beat on defendant's building, pounded on his door with an ax, and threatened to kill defendant. In the second, defendant offered considerable testimony describing how he shot deceased in defense of his home.

■ In closing argument, the prosecuting attorney characterized defendant as being "drunk" when Officer Thorpe arrived at defendant's home. The court sustained defendant's·objection on the ground the evidence showed only that defendant had been drinking but refused to declare a mistrial. Appellant says the court erred by such refusal.

Control of argument also rests in the trial court's discretion. The circumstances of this argument did not require granting the drastic remedy of mistrial. Despite the court's ruling sustaining objection to the word "drunk," there was evidence of drinking and of a distress call for police assistance in the middle of the day, the combination of which could suggest that defendant was "drunk." Accordingly, no abuse of discretion is demonstrated. State v. Deutschmann, Mo., 392 S.W.2d 279; State v. Tallie, Mo., 380 S.W.2d 425; State v. Hands, Mo., 260 S.W.2d 14; State v. White, Mo., 440 S.W.2d 457.

■ Appellant asserts also that the court erred in permitting the state to argue that Mrs. Rinck said, "Come on in, my husband's in here with a loaded gun and gonna kill me," and "his wife * * * and some children in there needing help and he went," because such argument is not based on the record. No such allegation of error was presented to the trial court in the motion for new trial. Accordingly, it is not for review. Supreme Court Rule 83.13, V.A. M.R.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.