**STATE of Missouri, Respondent,**

v.

**Gloria Jean CARR, Appellant.**

**No. 56957.**

Supreme Court of Missouri,
Division No. 2.

June 11, 1973.

property of the value of at least fifty dollars, and was sentenced to imprisonment for a term of three years. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

Appellant does not challenge the sufficiency of the evidence. A jury reasonably could find that at the time and place alleged in the information the appellant and another person, acting together, took packages from the loading dock of a clothing store in Kansas City, and placed one of them in the trunk of their automobile.

Appellant's first point is that the trial court erred in overruling her motion to suppress as evidence the property which was taken by a police officer from the trunk of the automobile.

At the hearing on the motion to suppress it was shown that after Officer Ammermon saw appellant and a male companion take packages off the loading dock of Swansons, a clothing store, and place one of the packages in the trunk of their automobile, he placed both of them under arrest. He then took the key and opened the trunk of the automobile, and took therefrom a package which contained twenty-five umbrellas, the property of Swansons. The trial court overruled the motion to suppress.

At the trial the only item offered in evidence which was taken by Officer Ammermon from the trunk of the automobile was the box containing the umbrellas. When offered in evidence, counsel for appellant stated: "No objection, Your Honor."

Appellant's contention is without merit for two reasons. First, we are convinced that under the circumstances the police officer had probable cause to arrest appellant, but in any event, "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287, 69 L.Ed. 543

Robert G. Duncan, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Gloria Jean Carr has appealed from the judgment entered pursuant to jury verdict whereby she was found guilty of stealing

(1925). See also State v. Hohensee, 473 S.W.2d 379 (Mo.1971); State v. Edmonds, 462 S.W.2d 782 (Mo.1971); State v. Speed, 458 S.W.2d 301 (Mo.1970). There can be no question, and appellant does not contend otherwise, that Officer Ammermon had reasonable cause to believe that the box he saw appellant's companion place in the trunk of the automobile had been stolen.

■ Second. When the only item obtained by the police officer by reason of the challenged search and seizure was offered in evidence, appellant's counsel stated, "No objection." Appellant cannot now complain that the motion to suppress should have been sustained when he consented to the receipt in evidence of the subject of the motion to suppress. State v. Hill, 419 S.W.2d 46 (Mo.1967); State v. Hamblin, 448 S.W.2d 603 (Mo.1970).

■ Appellant next asserts that she was "denied due process of law in that the jury was allowed to rewrite the jury instructions and verdict." The point is insufficient in that it does not set forth the specific matter as to which complaint is made. Evans v. State, 465 S.W.2d 500 (Mo.1971). However, in any event, there was no mention of this contention in the motion for new trial, and the issue is not preserved for appellate review. State v. Rinck, 467 S.W.2d 897 (Mo.1971).

Appellant has apparently attempted to inject a constitutional issue, or to contend that plain error resulted within the meaning of Rule 27.20(c), V.A.M.R., by asserting that the action of the jury denied him due process of law.

■ The jury was furnished forms of verdict. The form to be used in the event appellant was found guilty contained the following provision: "We fix her punishment at ——." The jury changed this provision to read, "We fix her punishment at State's Request Dept. of Corrections 3 years."

In State v. Perry, 233 S.W.2d 717 (Mo. 1950), it was held that as a general rule a verdict must be certain, positive, and free from ambiguity. However, the object is to ascertain the intent of the jury, and if this is disclosed, the verdict is good though irregular in form. State v. Lewis, 491 S. W.2d 326 (Mo.1973); State v. McCarthy, 336 S.W.2d 411 (Mo.1960). The intent in this case is clear; that the punishment was to be imprisonment for a term of three years. The contention that appellant was denied due process is without merit.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, Acting P. J., DONNELLY, J., and MEYER, Special Judge, concur.

MORGAN, P. J., not sitting.