STATE of Missouri, Respondent,

v.

Robert Lee JONES, Appellant.

No. 10072.

Missouri Court of Appeals, Springfield District.

April 27, 1976.

Motion for Rehearing or Transfer to Supreme Court Denied May 14, 1976.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Robert J. Goodwin, Caruthersville, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Robert Lee Jones was convicted by a New Madrid County jury of two counts of first degree robbery [§ 560.120, RSMo 1969] and sentenced by the trial judge as an habitual criminal to consecutive terms of 15 years and 5 years imprisonment. We affirm.

In this appeal the defendant claims his pre-trial motion to suppress his inculpatory statement was erroneously overruled by the trial court. Defendant contends his confession to the two crimes was induced by promises and made after he had been in custody more than twenty hours without charges having been filed.

■ Initially, we are confronted with the fact that at trial the defendant made no objection when his written inculpatory statement was offered into evidence. Further, no objection was made when the statement was read aloud or passed to the jury. Consequently, defendant is not now in a position to claim error in denying his motion to suppress his confession because this issue was not preserved for appellate review. *State v. Carr*, 499 S.W.2d 788 (Mo. 1973); *State v. Stevens*, 467 S.W.2d 10 (Mo.), *cert. denied*, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971); *State v. Hampton*, 509 S.W.2d 139 (Mo.App.1974).

■ Nevertheless, we have read the testimony heard by the court, at the suppression hearing. Defendant's testimony of alleged promises and inducements was squarely contradicted by the state's evidence. An experienced trial judge resolved the conflicting issue against the defendant. We defer to his resolution, he being in a better position to arrive at the truth. *State v. Anderson*, 384 S.W.2d 591 (Mo. banc 1964); *State v. Tomizoli*, 519 S.W.2d 713 (Mo.App.1975).

■ We also observe defendant's urging of the 20-hour limit [Rule 21.14, V.A.M.R., and § 544.170, RSMo 1969] as a ground for declaring his confession involuntary is also without merit. *Roberts v. State*, 476 S.W.2d 490 (Mo.1972); *State v. Williams*, 369 S.W.2d 408 (Mo. banc 1963).

The judgment is affirmed.

All concur.