**STATE of Missouri, Respondent,**

v.

**Darrel Glenn SCOTT, Appellant.**

**No. 15883.**

Missouri Court of Appeals,
Southern District,
Division One.

April 24, 1989.

Sidney T. Pearson, III, Sp. Asst. Public Defender, St. James, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant Darrel Glenn Scott, tried as a prior offender, § 558.016.2,[1] was found guilty by a jury of the class A felony of assault in the first degree, § 565.050, and sentenced by the trial court to 12 years' imprisonment. Appellant's brief presents two points: (1) certain "medical records" received in evidence were never shown to the jury, and (2) the trial court erred in overruling appellant's objection to questions by the prosecutor to a defense witness.

The victim was Kenneth Nickles, a deputy sheriff who sustained a broken tooth, broken nose and a cut on the bridge of the nose while attempting to arrest appellant in a house occupied by appellant and one Alexies Marshall. Although Nickles did not see what he was struck with as it was dark inside the house, there was circumstantial evidence from which the jury could have reasonably found that appellant struck Nickles with a "[c]eramic type statue." Nickles testified he had to undergo an operation on his nose and had to have a permanent cap put on his damaged tooth. He was unable to work for two weeks.

During the prosecution's case-in-chief State's Exhibits 4 and 5, characterized by the prosecutor as "medical records of the [appellant][2] and the victim," were received in evidence without objection. Nothing in the record indicates that the exhibits were shown to the jury at any time during the presentation of evidence. At the conclusion of all the evidence the trial court stated to counsel for both parties, outside the hearing of the jury, "... I will have the bailiff take all the exhibits to the jury room at the time that the case is submitted." The record is silent as to whether that was done when the jury retired to deliberate.

Appellant's first point is:

"The trial court erred in that State's Exhibits Four and Five, medical records of the appellant and Deputy Kenneth Nickles, were admitted into evidence by stipulation of the parties, but said exhibits were never published to the jury, because all items received into evidence must be considered by the trier of fact in

---

1. References to statutes are to RSMo 1986.

2. Appellant testified he suffered a head wound when struck by Nickles. Both Nickles and appellant were treated for their injuries at the same hospital.

arriving at a verdict, and said exhibits could not have been considered if they were never seen by the jury."

Appellant's averment that the exhibits "were admitted into evidence by stipulation of the parties" is at odds with paragraph 5 of his motion for new trial, which stated:

"... the court erred in allowing the state to introduce medical hospital records on grounds that the records were heresay [sic] and a proper foundation should have been laid for its contents to be introduced."

▪ Appellant's motion for new trial contains no complaint that exhibits 4 and 5 "were never published to the jury."[3] His first point is consequently not preserved for appellate review. Rule 29.11(d)[4]; *State v. Peterson*, 518 S.W.2d 1, 3[2] (Mo. 1974); *State v. Carr*, 499 S.W.2d 788, 790[4] (Mo.1973). Indeed, his first point is the antithesis of paragraph 5 of his motion for new trial, quoted *supra*, where he complains about the receipt of the medical records in evidence.

▪ Furthermore, as the State's brief aptly points out, there is nothing in the record on appeal indicating that exhibits 4 and 5 were *not* made available to the jury. In order for an appellate court to review an alleged error by a trial court, the appealing party must see to it that the record on appeal incorporates the basis for the challenged error. *State v. Jones*, 594 S.W.2d 932, 935[5] (Mo.1980). Statements and complaints by an accused on appeal do not prove themselves and cannot be considered unless substantiated by the record. *State v. Anderson*, 386 S.W.2d 225, 233[8] (Mo. banc 1963).

▪ If, however, we assume exhibits 4 and 5 were never shown to the jury the fact remains that, as explained above, appellant's first point has not been preserved for appellate review by reason of its omission from his motion for new trial. The point is therefore eligible for only plain error review. Relief will be granted by such review only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Sidebottom*, 753 S.W.2d 915, 919–20[3] (Mo. banc 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988).

There is no showing of manifest injustice or a miscarriage of justice here. The record on appeal does not contain exhibits 4 and 5, and appellant has failed to file them separately with us. *See:* Rule 30.05.

In an appeal by an accused in a criminal case it is his duty to ensure that the record on appeal includes all the evidence and proceedings necessary for determination of the questions presented. *State v. W—— F. W——*, 721 S.W.2d 145, 153[9] (Mo.App. 1986); *State v. Sanner*, 655 S.W.2d 868, 878[11] (Mo.App.1983); *State v. Gordon*, 527 S.W.2d 6, 10[5] (Mo.App.1975).

As exhibits 4 and 5 have not been furnished us we have no way of knowing whether there was anything favorable to appellant in either exhibit. The only reference to either exhibit in the transcript is in the prosecutor's cross-examination of appellant. The prosecutor handed appellant exhibit 5 and asked him whether he told the people at the hospital emergency room that he had gotten hurt while he was trying to run away from his wife and fell—a statement contrary to appellant's testimony on direct examination that he was injured when Nickles struck him on the head with Nickles' "jeu jeu" stick, after which appellant struck Nickles in self-defense. Appellant acknowledged the document bore his signature. Appellant also identified his signature on another document wherein he was quoted as saying he slipped and fell, sustaining a cut on his left eyebrow.

As appellant has failed to demonstrate that there was anything favorable to him in either exhibit 4 or 5, he has obviously failed to show that the alleged failure of the trial court to make the exhibits available for the jury's perusal resulted in manifest injustice or a miscarriage of justice. Appellant's first point affords no basis for reversal.

His second point is:

---

**3.** The lawyer representing appellant in this appeal is not the lawyer who represented appellant in the trial court.

**4.** Rule references are to Missouri Rules of Criminal Procedure (19th ed. 1988).

"The trial court erred in that it overruled appellant's objection to questions propounded by counsel for the State to defense witness Alexies Marshall regarding statements made by the prosecutor to her the day before the trial because such evidence is irrelevant, hearsay, and self-serving, and of no evidentiary value, and was highly prejudicial to [appellant] and statements made by the prosecutor as to what his job is would not be admissible for any purpose."

Ms. Marshall, who testified she and appellant were planning to get married, recounted that she was in the house when Nickles sustained his injury. While she did not see any blows struck because it was "really dim," she maintained she heard Nickles strike appellant with Nickles' nightstick before appellant struck Nickles. During the prosecutor's cross-examination of Ms. Marshall the following colloquy occurred:

"Q.  ... Alexies, did you see me yesterday?

A.  Yes, I did.

Q.  I came to your place of work, didn't I?

A.  Yes, you did.

....

Q.  Didn't I tell you I was the Prosecuting Attorney of Crawford County?

A.  Yes.

Q.  And didn't I tell you that I'd like to talk to you about what your testimony was going to be today?

A.  Yes, you did.

Q.  Didn't I tell you you didn't have to talk to me?

A.  Yes, you did.

Q.  Didn't I tell you that it's my job—

[Appellant's lawyer]: Your Honor, I don't know what this line of questioning is leading to, but I think I'm going to have to object.

THE COURT: Is this going to connect up?

[Prosecutor]: It will connect up to impeach a witness.

THE COURT: The objection is overruled now. You may want to renew it.

[Prosecutor]: Didn't I tell you it's also my duty to not prosecute someone if there is evidence that they are innocent? Didn't I tell you that with the Sheriff sitting there at the table?

A.  Yes.

Q.  Didn't you tell me that you didn't want to talk to me, you wanted your lawyer there?

A.  I said I don't want to talk to you without my lawyer being present.

Q.  And you wouldn't tell me what your testimony was going to be today, isn't that right?

A.  That's right."

Appellant maintains the prosecutor's statement "of what his job was" had no evidentiary value, was hearsay, and constituted an attempt to convey to the jury that the prosecutor had a personal belief that appellant was guilty, as the prosecutor would never prosecute an innocent man. Appellant adds that the prosecutor's statement intimated he had information unavailable to the jury indicative of appellant's guilt.

■ Appellant's second point suffers the same infirmity as his first—it has not been preserved for appellate review. No complaint about the prosecutor's cross-examination of Ms. Marshall appears in appellant's motion for new trial. Furthermore, the only objection voiced by appellant's lawyer during the above dialogue was that he did not know what the line of questioning was leading to and thought he was "going to have to object." That utterance came before the prosecutor had completed his question about what he had told Ms. Marshall regarding his job, and it articulated none of the complaints set forth in appellant's second point. Appellant registered no objection to the prosecutor's question once it was completed.

Generally, points on appeal regarding statements of counsel must be based on the theory of the objection made at trial. *State v. Lang*, 515 S.W.2d 507, 511 (Mo. 1974); *State v. Cheek*, 760 S.W.2d 162, 164[3] (Mo.App.1988). An objection such as "we object" does not preserve any question for review. *Lang*, 515 S.W.2d at

511[7]. Furthermore, objections to statements of a prosecutor must be made at the time the objectionable statement is made or nothing is preserved for review. *State v. Harris*, 534 S.W.2d 516, 518[1] (Mo.App. 1976); *State v. Turley*, 518 S.W.2d 207, 211[3] (Mo.App.1974), *cert. denied*, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975).

Inasmuch as (a) appellant's lawyer remained mute when the prosecutor asked the question about which appellant now complains, (b) the only objection interposed during the entire colloquy was "I'm going to have to object," and (c) the matter is ignored in appellant's motion for new trial, appellant's second point is ineligible for appellate review and is, at most, before us for only plain error consideration.

■ We hold that the prosecutor's question to Ms. Marshall does not call for plain error relief. The question could hardly have implied to the jurors that the prosecutor had information about the alleged crime unavailable to the jurors. Only four persons were at the house when the alleged assault occurred: appellant, Ms. Marshall, Nickles and a police officer. All four testified. Appellant's theory of defense was that he struck Nickles in lawful self-defense. Therefore, assuming without deciding that the prosecutor's question to Ms. Marshall could have been construed by the jurors as an implication that the prosecutor would not prosecute appellant if appellant were innocent, it was nonetheless obvious to the jurors that there were no witnesses known to the prosecutor who failed to testify at trial, and that the jurors had before them all information available to both parties. In such circumstances no manifest injustice or miscarriage of justice could have been caused by the prosecutor's question complained of in appellant's second point.

Judgment affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.