STATE of Missouri, Respondent,

v.

Robert Lee TINSON, Appellant.

No. 57236.

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Elliott, Liberman, Baron, Goldstein & Freund, St. Louis, Samuel H. Liberman, Harold L. Sarner, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment of conviction and 50-year sentence on jury verdict of guilty of murder in the second degree.

This is the second appeal in this matter. In State v. Tinson, Mo.Sup., 461 S.W.2d 764, a conviction for murder in the first degree was reversed because the trial court failed to instruct on manslaughter.

The evidentiary facts are much the same as set out in the prior opinion and there is no necessity, in view of the issues raised on this appeal, of repeating them in detail.

The appellant, Robert Lee Tinson, admitted that he fired a fatal shotgun shot

into Willie Buchanan at a tavern in St. Louis known as Lawyer's Lounge. Tinson testified that he shot because Buchanan had previously threatened him with a gun and in the fatal encounter Buchanan had reached into his pocket and Tinson then fired the fatal shot.

The points raised on this appeal relate to the self-defense issue. In the course of the voir dire examination, defense counsel stated:

"Now, do you further understand that the defense in this case—if it was self defense—then the defendant is not put to the task of proving beyond a reasonable doubt that it was self defense; in other words, the prosecution must prove beyond a reasonable doubt that it was not self defense.

"MR. McDONALD [Assistant Circuit Attorney]: Objection, your Honor. That's not the law in the State of Missouri."

Outside the hearing of the jury, objection was repeated, on a slightly different basis—"I think the whole line of questioning is really invading the province of the Court." The court remarked that the questioning was getting too far into the question of what the law was going to be. The assistant circuit attorney repeated his view of the law on burden of proof on the issue of self-defense and the trial court, still out of the presence of the jury, sustained the objection. When proceedings resumed in the presence of the jury, defense counsel stated: "I'll withdraw the question and again apologize to the Court. I meant nothing by it."

No reference to the incident appeared in the defendant's motion for a new trial. In this court, appellant claims that the exchange between defense counsel and the state during the voir dire relative to the burden of proof on the issue of self-defense confused and prejudiced the jury, particularly in view of the trial court's sustaining the state's objection.

■ The failure to include such claim of error in his motion for new trial, as re-

quired by Rule 27.20(a), V.A.M.R., precludes an assignment of error in this court on such grounds. State v. Rowden, Mo. Sup., 452 S.W.2d 210. Nor is this a matter for consideration on plain error under Rule 27.20(c). The trial court's ruling was outside the presence of the panel. The prospective jurors were in no manner informed by the court whether or not it agreed with the assistant circuit attorney's statement of the law, and trial counsel, in announcing his withdrawal of the question, voiced no disagreement with the court's ruling. In such circumstances, there is no occasion for invocation of the plain error rule.

■ Appellant's second point is that the trial court erred in refusing his offered instruction which would have specifically instructed the jury "that the state has the burden of proving beyond a reasonable doubt that the killing was not in self defense." In making this contention, appellant acknowledges that the instructions given by the court on the burden of proof and on self-defense (in the form approved in State v. Dill, Mo.Sup., 282 S.W.2d 456, 460–461[3], [4, 5] ) were "not prejudicial per se." He contends, however, that in view of the trial court's action with respect to the remark of the assistant circuit attorney above referred to, a specific instruction on the burden of proof on the issue of self-defense was necessary.

■ In State v. Malone, 333 Mo. 594, 62 S.W.2d 909, 911[4], the court held that when the trial court gives an adequate instruction on the law of self-defense, together with the usual instructions on burden of proof and presumption of innocence, it is not error for the court to refuse an instruction offered by the defendant, specifically instructing the jury that the burden of proof on the issue of self-defense is on the state. The court stated that the trial court is not required to "single out and instruct specifically and separately that the burden rested upon the state to prove lack of justification or any other particular

element of the offense charged." 62 S.W. 2d 911. The remarks of the assistant circuit attorney and the ruling of the trial court on the voir dire do not require a different holding here. As above demonstrated, the voir dire statement of the assistant circuit attorney was not emphasized and the court at no time indicated to the jury its assent to the statement. There is no basis for concluding that the jury could not and did not follow the instructions which the court did give.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.