**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jerry Lynn STUCKER, Defendant-Appellant.**

**No. 35861.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 10, 1974.

Motion for Rehearing or Transfer Denied
Jan. 14, 1975.

Application to Transfer Denied
Feb. 10, 1975.

Madigan, Hadican & Maloney, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Ellen S. Roper, Asst. Attys. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant was found guilty of felonious assault and sentenced to six years imprisonment. He appeals, contending the state's verdict directing instruction lacked evidentiary support.

Evidence was that two innocent by-standers, Wilson King and Ralph Isaac, saw defendant and an accomplice tampering with a parked truck. When the tamperers noticed their observers they rapidly drove off. King and Isaac went to the truck and were examining it when defendant and his accomplice returned and assaulted them.

The only evidence supporting the alleged assault on Wilson King came from King himself. He testified that he heard a noise behind him, turned around, and "I saw a man approaching me from the back with an object about six or eight inches long. It was dark in color at which time it was coming at my head and I through (sic) my head over to the left and it caught me un-

derneath the jaw there. * * * I was knocked down and dazed."

The state's verdict director told the jury it could find the defendant guilty if he "* * * did make an assault upon Wilson King, and did then and there feloniously, willfully on purpose, and of malice aforethought strike, beat, kick, and wound the said Wilson King with his hands, fists, and feet with means likely to produce death or great bodily harm with intent to maim the said Wilson King, * * *." This instruction substantially followed the broad language of the state's information.

On appeal, defendant first contends the instruction ignored his alibi defense and, second, it was confusing and misleading because it was unsupported by evidence. This attack on the instruction was not made in the motion for new trial filed after the jury verdict. In his motion for new trial, defendant's complaint directed against the instruction was "* * * that said instruction submits to the jury the actus reus, that is, whether the defendant did in fact commit an assault upon WILSON KING by means of striking, beating, kicking and wounding the said KING with his hands, fists and feet, which instruction is confusing misleading and highly prejudicial in that the evidence the Court permitted the State to introduce over the objection of the defendant was to the effect that the victim, WILSON KING, was struck with an object, weapon and/or gun."

■ The first part of defendant's point on appeal, that is, that the verdict directing instruction erroneously omitted reference to his theory of defense, is not mentioned in any of the allegations of his motion for new trial. The second part of this point, that the instruction was erroneously given since there was no evidence that the victim was kicked with someone's feet, is also absent from defendant's motion for new trial. The specific reason, as quoted above, is different from the reason assigned on appeal. And since the reasons on appeal did not appear in the motion for new trial but have been raised for the first time on appeal, they have not been preserved. State v. Kinder, 496 S.W.2d 335, 339 (Mo.App. 1973); State v. Tinson, 491 S.W.2d 279, 280[1] (Mo.1973); Rule 27.20(a), V.A.M. R.

■ Assuming ex gratia, however, that the alleged error in the instruction was properly preserved, we do not believe that upon the merits of the contention reversible error was committed by the trial court, considering the instruction given and the facts of the case. Although the instruction was crudely fashioned and could not be given under our current practice following MAI–CR, a jury may base a guilty verdict upon an instruction hypothesizing several acts in the conjunctive if at least one hypothesized act is supported by evidence. Thus, in State v. Miles, 282 S.W.2d 542, 544[1, 2] (Mo.1955), the court upheld the conviction based upon an instruction hypothesizing assault with "fists, feet, and 'with a certain blunt instrument'" although there was no specific evidence to indicate the use of a blunt instrument other than the victim's testimony to the effect that he received a heavy blow on the back of his head which felt like some instrument wrapping around the back of his head. The court there indicated that it need not determine whether this was sufficient evidence to authorize a finding that such an instrument was used as there was no requirement for conviction of assault with intent to kill that a dangerous, deadly or any other type of weapon be used. The use of the phrase "with a certain blunt instrument" in the submission was unnecessary and should be treated as surplusage.

■ Here, the contention, of course, was that the instruction specified the use of hands, fists and feet while the evidence indicated the victim was struck with an object. As previously noted, the instruction submits *"with his hands,* fists and feet *with means* likely to produce death or great bodily harm with intent to maim the

said Wilson King, * * *." (Emphasis added.)

When one considers that the word "means" has as some of its synonyms "instrument, agent, instrumentality," and is a general term applicable to anything employed in performing or executing some end; that it is commonly defined as an "agent, tool, device, * * * for accomplishing or furthering a purpose" (Webster's Third International Dictionary), we cannot see that the facts of the assault were so improperly hypothesized to the jury that they were misled. One could find and infer from King's testimony that the defendant came at him with an unidentified object or "means" in his hand that caught him in the jaw. In essence this was submitted, crudely but meaningful enough to be understood. Under the simple facts of this case the instruction was not misleading and prejudicial and did not result in an injustice to the defendant.

■ Defendant further contended that identification testimony did not have a sufficient independent basis, but was founded on a lineup which was highly suggestive and as such was a denial of due process of law. Appellant was arrested and viewed in the lineup on February 17, 1971. The record is silent as to the date of the original indictment; however, assuming that appellant's right to counsel had attached at that time, his attorneys were present both before and during the lineup. Hence his allegation as to denial of counsel was not supported by the record. Appellant's assertion in his brief that the in-court identification did not have an independent basis presupposes that the lineup was highly suggestive and violative of due process. Kirby v. Illinois, 406 U.S. 682, 690, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972). The record, however, does not support defendant's allegation that the lineup was suggestive. Four men participated in the lineup: the defendant, one who was arrested with the defendant, and two other men who closely resembled defendant and the other man as to height, age and physical features. The

participants remained behind a one-way mirror in a separate room. The witnesses viewed the lineup individually. The officer who conducted the lineup did not converse with the witnesses prior to the lineup. Mr. King, the victim, did not converse with the other witness prior to King's viewing the lineup. Even assuming the lineup had been constitutionally infirm, which is not the case here, the in-court identification would be admissible because it had an independent origin from the lineup. State v. McIntosh, 492 S.W.2d 843, 846 (Mo.1973). King viewed appellant for five to ten minutes, in full face, for approximately one minute prior to the assault. At the time of the assault, Mr. King faced his assailant directly for a minute. The weather was sunny and clear. King was able to give a description of his assailant with respect to color and type of clothing, as well as to his height. His identification in court was positive. This contention is without merit.

Another contention of error is directed to an instruction which set out defendant's theory of defense of alibi. Here the defendant contended that the instruction implied that he had the burden of proving that he was not present. This point was not raised in defendant's motion for new trial and should not be allowed as a ground for new trial for the first time on appeal. Rule 27.20(a). However, an attack based on the same grounds was made on a similarly worded instruction in State v. Washington, 364 S.W.2d 572, 577 (Mo.1963), and was rejected. Again, this contention is without merit.

The judgment is affirmed.

DOWD, C. J., and RENDLEN, J., concur.

CLEMENS, J., dissents with opinion.

CLEMENS, Judge (dissenting).

I dissent. A conviction based upon a verdict-directing instruction unsupported

by substantial evidence is manifestly unjust.[1]

The majority opinion says it treats the insufficiency contention *"ex gratia"* because defendant did not specifically raise it in his motion for new trial. But the insufficiency issue is reviewable as a matter of right under the Plain Error Rule.[2] This is as it should be. To permit convictions based upon instructions unsupported by evidence is to disregard the presumption of innocence, to diminish the State's burden of proof and to undermine the adversary process. Instructions lacking supporting evidence "authorize the jury to rove in reaching their verdict."[3] Courts strike down such instructions in order to prevent such roving commissions.[4]

One questionably sound exception does exist. In criminal cases a jury may base a guilty verdict upon an instruction hypothesizing several acts conjunctively, if at least one hypothesized act is supported by evidence. In State v. Miles, 282 S.W.2d 542 [1–3] (Mo.1955), the court upheld an instruction hypothesizing assault with "feet, fists, and a certain blunt instrument," despite a lack of evidence to support the charge of assault with a blunt instrument. But since the evidence did support the charge of assault with fists and feet, the court considered the "blunt instrument" language surplusage.[5]

The *Miles* situation is a far cry from the present case, in which no substantial evidence supports any element of the instruction.[6] Instead, the verdict-director blindly follows the State's information by hypothesizing defendant "did make an assault upon Wilson King and did then and there feloniously, willfully, on purpose, and of malice aforethought *strike, beat, kick, and wound the said Wilson King with his hands, fists, and feet* with means likely to produce death. . . ."

The sole testimony concerning the assault does not support the above submission. Wilson King testified: "I saw a man approach me from the back with an object about six or eight inches long. It was dark in color, at which time it was coming at my head and I through [sic] my head over to the left and it caught me under the jaw there. . . . I was knocked down and dazed."

The majority opinion construes the words "with means" as if they were synonymous with "instrument, agent or instrumentality." Such a reading distorts the words' context and violates the settled principle that an instruction should be interpreted as a reasonably intelligent juror would interpret it.[7] And courts dealing with the phrase "means likely to produce death" have accorded the words their commonsense interpretation.[8] In the present

---

1. State v. Dupree, 477 S.W.2d 129 [1] (Mo. 1972), State v. McClunie, 438 S.W.2d 267 [2] (Mo.1969), State v. Gray, 497 S.W.2d 545 [2] (Mo.App.1973).

2. Rule 27.20(c).

3. State v. Higdon, 356 Mo. 1058, 204 S.W. 2d 754 [5] (Mo. banc 1947).

4. State v. Agee, 474 S.W.2d 817 [7] (Mo. 1971), State v. Amsden, 299 S.W.2d 498 [10] (Mo.1957), State v. Scott, 230 S.W.2d 764 [7] (Mo.1950).

5. See also State v. Neal, 416 S.W.2d 120 [1–3] (Mo.1967), State v. Cusumano, 372 S.W.2d 860 [3] (Mo.1963).

6. "Substantial evidence" is that which rises above speculation; it is evidence from which the jury can reasonably find the existence of a hypothesized fact. State v. Taylor, 445 S.W. 2d 282 [4] (Mo.1969).

7. State v. Jones, 365 S.W.2d 508 [13–15] (Mo.1963).

8. State v. Wraggs, 496 S.W.2d 38 [6, 7] (Mo.App.1973), cert. den., 414 U.S. 1160, 94 S.Ct. 920, 39 L.Ed.2d 113 (1974).

context, the phrase "with means" simply and logically means "in a manner." The instruction tells the jury to decide if the assault was committed in a manner likely to produce death or injury. It does not ask the jury to speculate as to the use of a weapon. It requires semantic gymnastics to find assault with "hands" and "fists" merely because one could use hands to hold a weapon. There is no substantial evidence to support a submission that defendant struck King with his hands, fists or feet, and the trial court erred in giving Instruction # 2.

Even if I could agree with the majority's reading of "means" as synonymous with "instrument," I believe the instruction should be condemned for the admittedly unsupported conjunctive submission of beating and kicking with fists and feet. Such a submission ignores the spirit of the Committee Comment to MAI 1.02 barring conjunctive submissions: "The Committee believes that the jury should not be instructed on a theory of recovery or defense not supported by the evidence and that any such submission whether in the conjunctive or disjunctive, should be reversible error. A theory of recovery or defense should not be submitted unless it can stand alone. The present practice has been a crutch which has done but little but confuse by presenting imaginary issues for the jury's determination." In State v. Neal, n. 5, *supra,* the court was urged to apply the above principle to a criminal case but ruled there was no need to do so since there both conjunctive submissions did have evidentiary support. Such is not the present situation.

Both the MAI and *Higdon,* n. 3, *supra,* acknowledge the vice of factually unsupported submissions. The Supreme Court did not treat the issue in *Miles, Neal* or *Cusumano, supra,* and I urge the Court to reconsider the inconsistency.

I would reverse the present case and remand it for new trial.