**STATE of Missouri, Plaintiff-Respondent,**

v.

**Alonzo WEBB, Defendant-Appellant.**

No. 35961.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 9, 1975.

Ray B. Marglous, Marglous & Marglous, Clayton, Morton L. Schwartz, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Thomas C. Muldoon, St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant appeals from a conviction by a jury of stealing property of the value of at least $50.00, a felony punishable by imprisonment in the penitentiary under § 560.156[1] and § 560.161. Under the provisions of the Habitual Criminal Act, § 556.-280, the trial court assessed punishment at eight years imprisonment. We affirm.

Defendant's first contention is that the evidence was insufficient to support the felony conviction because "there was great doubt as to the value" of the stolen property. We shall view the evidence in the light most favorable to the jury's verdict and accept as true all evidence, whether circumstantial or direct in nature, which tends to support the jury's determination. *State v. Morris,* 518 S.W.2d 79 (Mo.App.1974).

On February 28, 1973, Earl Dworak, a supervisor for Zinsco Electrical Products, Incorporated, 3650 Windsor Place, St. Louis, Missouri, and James Smith, a welder were working the night shift. As they sat down for their lunch break shortly after 9:00 p. m. they heard a loud crash which sounded like copper bars hitting the pavement. They went outside on the Bell Avenue side of the factory building. Bell Avenue runs east and west along the south side of the building. They came out a door toward the west end of the building. About 75 to 100 feet to the east they saw copper bars scattered about near a 6 wheel hand truck or dolly. The copper bars were about 32½" long, varied in width from 4 to 6" and were ¼" thick. The bars weighed 8.4 to 15.6 pounds each. The dolly was on the sidewalk near the rear of a car that was facing west. The car was parked at the curb approximately five to six feet from a side door to the plant. They saw a woman handing copper bars to a man who was loading the copper into the trunk of the car. As they approached the car they recognized the man as defendant, a fellow employee from the day shift. Dworak saw the woman hand Webb copper bars on two separate occasions. He could not say how many bars were passed on the first occasion. On the second occasion he saw four copper bars passed to Webb who placed them in the trunk of the car. When they came closer to the auto, the woman stopped passing the copper bars and got into the car. Webb threw one more bar into the trunk, shut it and got into the car and drove away. Neither witness was in a position to see what was inside the trunk before it was closed. Defendant had some difficulty starting the car and the witnesses were able to get the license number. The automobile was registered in the name of defendant's wife.

The dolly that was on the sidewalk near the side door had been seen by Mr. Dworak earlier that evening on the inside of the building near that door. Mr. Dworak had supervised the cutting of the copper that was on the dolly just two days before. The stock ticket he used was still on it. He found that stock ticket among the copper bars that were strewn about the sidewalk

---

1. All references are to R.S.Mo.1969 unless otherwise indicated.

after defendant left the scene. The stock ticket stays with the job as it goes through the plant and identifies the material and the number of pieces cut. The night of the larceny Dworak saw this stock ticket on top of the copper bars loaded on the dolly. That same night the security supervisor of the plant saw this same stock ticket on the fully loaded dolly a short time prior to 9:00 p. m.

Mr. Dworak weighed the bars that remained after the theft and roughly estimated that 1,243 pounds were missing.

Mr. Marcus Brooks, the superintendent of fabrication at Zinsco, testified that, relying upon the stock ticket, he determined the precise number of bars missing and their weight. He had checked the bars found on the dolly and those strewn on the ground after the larceny against the invoice for the material and determined that there were 86 pieces missing, having a total value of $845.00.

During the course of the trial defendant, on cross-examination of one of the state's witnesses, elicited the information that four of the copper bars would have a value of $42.64. Defendant's points lack the specificity required by our rule [2] but it seems that from this evidence defendant contends that the value of the stolen property was not "at least $50.00" and therefore there was no proof of the felony charged.

■ The defendant's assumption that the evidence would support only a finding that there was a theft of four bars of copper is erroneous. Based on the testimony of eyewitnesses the jury was warranted in finding the defendant placed copper bars into the trunk of the car on at least three occasions and that there were four bars placed in the trunk on at least one occasion. Of necessity there were at least six bars of copper placed in the car. This with the evidence from Mr. Dworak and Mr. Brooks with respect to the total quantity of copper

missing having a value of $845.00 as set out above constitutes sufficient substantial evidence to warrant the submission of the felony. The question of the value of the stolen property was properly a question for jury consideration. *State v. Matzker,* 500 S.W.2d 54 (Mo.App.1973).

■ Defendant contends that "The court erred in failing to give a range of punishment as to the misdemeanor instruction as distinguished from the felony instruction". Contrary to Rule 84.04(e) the instruction complained of is not "set forth in full in the argument portion of the brief". Nor is it set forth in any part of the brief. This point is not before us for review. *State v. Larkins,* 518 S.W.2d 131 (Mo.App.1974).

■ Appellant also contends that the court erred in not giving an alibi instruction. We shall not detail the evidentiary basis for this claim. Appellant's attorney did not prepare or present written instructions with a request that such an instruction be given. The trial court was under no duty to give such an instruction. *State v. Paige,* 446 S.W.2d 798 (Mo.1969). Nor was this claim of error preserved for our consideration in the defendant's motion for new trial. *State v. Stucker,* 518 S.W.2d 219 (Mo.App.1974).

■ Appellant's final point is that the sentence was excessive. He argues that (a) there should have been a presentence investigation and (b) that the sentence was the result of the trial court's prejudice. In this case no presentence report was requested by the defendant. The presentence investigation is discretionary, Rule 27.07(b), *Hamilton v. State,* 490 S.W.2d 363 (Mo.App. 1973). Even a denial of such a request is not an abuse of discretion, *State v. Tettamble,* 517 S.W.2d 732 (Mo.App.1974).[3] We find no merit in appellant's argument that the lack of a presentence report lead to an excessive punishment. The court has reviewed the record and there is no evidence

---

2. 84.04(d).

3. While not mandatory use of the provisions of Rule 27.07(b) is strongly urged.

that the trial court acted in a prejudicial manner or that the sentence given Alonzo Webb was the result of prejudice.

The sentence imposed was within the statutory limits. As a matter of law, it is not excessive. *State v. Kennedy,* 513 S.W.2d 697 (Mo.App.1974).

The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.