STATE of Missouri, Respondent,

v.

Jenoa WILLIAMS, Appellant.

No. 37359.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 31, 1976.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant guilty of feloniously tampering with a motor vehicle (Section 560.175(1), RSMo.1969) and the court sentenced him to five years' imprisonment.

March 5, 1975 the owner of the automobile apprehended defendant as he drove the car from where it had been parked. Defendant was holding a slam-hammer he had used to remove the car's lock and ignition. Questioned by the owner, defendant told him "the insurance company had sent him to pick the car up." The owner testified his car was uninsured. Defendant offered no evidence.

Defendant contends on appeal that the trial court erred in giving verdict-directing Instruction No. 5 (MAI–CR 7.08) because it fails "to require a finding of intent." Defendant's motion for a new trial did not complain of this, so the point has not been preserved for appellate review. *State v. Stucker*, 518 S.W.2d 219[1] (Mo. App.1976). Defendant also contends the trial court erred in failing to give paragraph Third of MAI–CR 7.80 which exonerates a defendant when the defendant had an honest belief he had the owner's permis-

sion to drive the car. Defendant failed to mention this point in his motion for a new trial so it is not preserved for review. *Stucker, supra.*

▮ Defendant now urges us to review these two points as plain error under Rule 27.20(c). That rule "is to be applied on a case-by-case basis where substantial rights are affected and there is a strong, clear showing that injustice will result if the rule is not invoked." *State v. Embry,* 530 S.W.2d 401[2] (Mo.App.1975). We have examined the record and find no clear showing defendant lacked criminal intent or honestly believed he was entitled to tamper with the victim's car. We do not find injustice warranting resort to the plain error rule.

▮ Defendant further contends the court erred in adjudging him guilty of a felony because "the jury verdict authorized only a conviction for a misdemeanor." Responsive to both the information and the verdict-directing instruction, the jury found defendant "guilty of tampering with a motor vehicle." By §§ 560.175(1) and 560.-180(1) that is a graded felony, not a misdemeanor.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.