Robert Lee TINSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37557.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 14, 1976.

Huck, Kasten & LaBeaume, Herbert A. Kasten, Jr., St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

■ Movant appeals the denial of his writ of error coram nobis [1] to vacate a 1967 conviction on his plea of guilty to carrying a concealed weapon. The ensuing one-year sentence was probationary and has been served. Movant seeks to vacate the concealed weapons conviction because in 1971 the state used it to enhance his sentence on a subsequent murder conviction under the Habitual Criminal Act. *State v. Tinson,* 491 S.W.2d 279 (Mo.1973).

■ Movant first alleges the trial court erroneously considered the murder convic-

---

1. Although movant sought relief under Rule 27.26, he stated the relief sought was under a writ of error coram nobis, which was the prop- er form of relief where the challenged sentence has been served. *State v. Stodulski,* 298 S.W.2d 420[1, 2] (Mo.1957).

tion in the course of its hearing on his motion. He contends this was irrelevant and prejudicial. The existence of the murder conviction was not irrelevant; it was pleaded by movant as a prerequisite to his writ of error coram nobis and used by the trial court to determine the movant's credibility. To vacate a completed sentence a movant must show he is suffering present adverse legal circumstances which require relief to achieve justice. No error here.

Movant contends error in the trial court's findings about the condition of the concealed weapon. At the coram nobis hearing, movant for the first time offered testimony the concealed gun could not have been fired and he could not therefore be convicted of carrying a concealed weapon. He contends this evidence entitles him to relief.

▇▇▇ Relief under a writ of error coram nobis can be granted only when an error of fact *not apparent on the record* is discovered, *State v. Campbell,* 307 S.W.2d 486[1, 2] (Mo.1958), and, if the undiscovered fact was unknown to the movant or not discoverable by him by the exercise of reasonable diligence. *Howard v. State,* 493 S.W.2d 14[4] (Mo.App.1973). The record here shows movant knew or could have known when arrested that his gun could not be fired. The condition of the gun was not therefore reviewable in the coram nobis proceeding and on appeal we need not review the trial court's findings on that issue.

▪▇▇ Movant finally contends the trial court erred in not holding the search and seizure of his pistol was unlawful. This also is not a proper subject for a writ of error coram nobis. A motion to suppress evidence of the pistol was entered at the movant's preliminary hearing; it was denied and movant then voluntarily pled guilty to the concealed weapons charge. He may not now challenge the search and seizure since it was fully adjudicated and cannot be challenged collaterally. *Brodkowicz v. State,* 474 S.W.2d 822[2, 3] (Mo. 1971). Furthermore, movant's voluntary guilty plea waived all non-jurisdictional, procedural and constitutional infirmities at the prior stage of the proceedings. *Simpson v. State,* 487 S.W.2d 512[1] (Mo.1972).

Our review of the transcript briefs and authorities shows the trial court's denial of the writ of error coram nobis was not clearly erroneous.

Judgment affirmed.

DOWD and STEWART, JJ., concur.