**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jefferson Davidson JONES, Jr., Defendant-Appellant.**

No. 37189.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 28, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Nov. 12, 1976.

Application to Transfer Denied Jan. 10, 1977.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant appeals from his conviction by a jury in the circuit court of St. Louis City, for the crime of stealing from a person, and

a sentence of one (1) year imprisonment. We affirm.

No contention is made that the evidence was insufficient to support the conviction; consequently no narrative is given of the facts.

For reversal appellant contends that the trial court erred (1) by failing to instruct upon his defense of alibi; and (2) by failing to call an instruction conference prior to reading the instructions to the jury.

 Instruction MAI–CR 3.20 which is included in the 3.00 series is only required to be given upon request. Rule 20.02(a); *State v. Webb*, 527 S.W.2d 728, 730 (Mo. App.1975). Appellant's counsel neither made a request for an alibi instruction nor preserved the issue for review by raising it in his motion for a new trial. Consequently, we find no merit to appellant's first claim of error because he failed to properly preserve it for review. *State v. Stucker*, 518 S.W.2d 219, 221 (Mo.App.1975) and see also *State v. Newman*, 514 S.W.2d 527 (Mo. 1974) where the failure to give a required instruction from the 2.00 series was not raised in the motion for a new trial and was held to have not been preserved.

Appellant seeks review of his second claim of error that the court failed to hold an instruction conference, Rule 20.02(f), under our "plain error" rule. Appellant argues that because no instruction conference was held, he had no opportunity to present an alibi instruction. While appellant's argument is logical, it is not dispositive of the issue. Also we concede that it would make for a more orderly process for the trial court, prior to reading its instructions, to hold an instruction conference.

Rule 27.20(c) is no universal cure-all for every alleged trial court error neither raised in the trial court nor properly preserved for review, or defectively raised or preserved. The touchstone to invoke the doctrine is those errors which the court deems has brought about a *manifest injustice or miscarriage* of justice as a result of the alleged errors. See *State v. Meiers*, 412 S.W.2d 478, 481 (Mo.1967).

In this case we find no manifest injustice or miscarriage of justice. Here the police arrested the appellant within five to ten minutes of the purse snatching about three blocks from the scene of the incident. The police also observed appellant either walking at a fast pace or running, either carrying a green shirt under one arm or wearing a green fatigue jacket; saw appellant discard the jacket, and later found the victim's wallet in the jacket. Both the victim and her companion described appellant as wearing a green army-type jacket, and both identified the recovered green jacket as the one worn by appellant. Thus, we find neither a sound, substantial manifestation of error nor a strong, clear showing, that injustice or miscarriage of justice will result if the plain error rule is not invoked.

Judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.