STATE of Missouri, Respondent,

v.

Joseph G. BAILEY, Appellant.

No. KCD 27884.

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

John E. Craig, Levy & Craig, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The defendant was convicted of assault with intent to kill with malice and was sentenced to imprisonment for a term of fifteen years.

The offense arose from a homosexual intrigue among male frequenters of a tavern. The role of each actor is far from pellucid, and the motives remain to be explained, but the conviction rests on these clear inferences:

The victim, Perez, was manager of the tavern, and Bailey, the defendant, had done occasional work there. Bailey had yet to be paid for his latest labors. At closing time, Perez was collecting the receipts from the cash registers when he was set upon by Bailey, Miller and Hastings. According to the testimony of Liberty, who sold his favors to other male customers at the tavern, Miller had laid plans with him, Hastings and Bailey to kill Perez and his male lover, Nicely, in order to become dominant at the bar.

The testimony of the defendant Bailey contradicted this evidence and contended that he had asked Perez for the balance of his pay, but was verbally abused by Perez who then assaulted him with a pistol. Bailey became frightened, attempted to wrest the weapon from him, and during that encounter struck Perez on the head with an object and injured him. The defendant at that time was under the influence of LSD which he had taken earlier that Saturday to prepare himself for a party night.

The defendant gave a confession to the police that he had conspired to kill Perez, but at the trial renounced the statement and asserted self-defense.

The victim Perez testified at the trial that Miller, Hastings and defendant Bailey were those who assaulted him. On cross-examination he acknowledged that, the day after the attack, he had stated to Detective Mynatt at the hospital that Miller, Hastings and Liberty had made the assault.

After he gave his own testimony of self-defense, the defendant called to the stand Detective Mynatt to impeach the testimony of Perez on the basis that there was a contradiction between his trial evidence and his statement to Detective Mynatt which did not identify the defendant Bailey as one of those who had made the assault upon him. The court sustained the objection by the State, allowed an offer of proof, but rejected the proffered evidence on the ground that the statements by Perez were not inconsistent.

■ The basis for the exclusion of the Mynatt testimony by the court is clear, but what impeachment the defendant really intended by the offer of proof remains obscure. The single point on this appeal argues that the disallowance of that testimony was error. The motion for new trial, however, does not save any specific contention, but only: "The Honorable Court erred as a matter of law in not allowing Detective Mynatt to testify." This mere allegation without reasons does not comply with the requirement of Rule 27.20(a) for detail and particularity in the assignment of error. State v. Mitchell, 500 S.W.2d 320, 321 (Mo. App.1973). Nor do we see any manifest injustice from the alleged trial error. Rule 27.20(c).

The appeal is dismissed.

All concur.