STATE of Missouri, Respondent,

v.

Herbert Henry BAUMER, Appellant.

No. 38956.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 20, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied
March 13, 1978.

Melvin Franke, Public Defender, Gary L. Gardner, Asst. Public Defender, Union, for appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

A grand jury indicted Herbert H. Baumer for manslaughter by shooting his wife, Ann Louise. The trial jury found defendant guilty and fixed punishment at ten years' imprisonment. The trial court denied a new trial and rendered judgment. Defendant has appealed, contending the trial court erred in failing to grant a continuance when the state, without adequate notice, presented expert ballistic testimony that the fatal wound was made by a pistol held against the victim's head.

The critical factual issue is whether defendant fired the fatal shot while holding the pistol against his wife's head, or shot her accidentally in handing her the pistol while she was sitting in their car. Defendant offered no evidence but cross examination raised the issue of accidental shooting. Accordingly, the trial court gave MAI–CR 2.28 on excusable homicide, directing an acquittal if defendant shot his wife by accident.

Defendant does not challenge the sufficiency of the state's evidence. The substantive testimony was that an ambulance crew responded to a call from defendant's trailer-court home. They found defendant's wife sitting in a car, apparently wounded by a gunshot; she died hours later. A ballistics expert testified powder burns indicated the fatal wound had been inflicted by a pistol fired while held against the victim's head. Further evidence came by oral statements. The victim told police defendant had shot her. Defendant first told police his wife

had shot herself but later said he had shot her and it was his fault. Still later, defendant told police that when he handed the pistol to his wife it accidentally discharged. Some time after his wife's death defendant told her mother he had killed her and the mother should get a gun and shoot him.

Defendant now contends the trial court erred in failing to grant a continuance, thereby denying him an opportunity to prepare a defense to the expert testimony that the pistol had been held against the victim's head when fired; this, because "said testimony was made known to appellant only on the morning of trial."

The record shows that the week before trial the prosecuting attorney told defense counsel defendant's pistol had been examined for "distance and powder tests." On the morning of trial the prosecuting attorney gave defense counsel a report of the ballistic expert's powder-residue test—which he had just received—showing the pistol had been fired while in contact with the victim's head. When the court called the case both counsel announced ready.

After four state witnesses had testified—but not yet the ballistic expert—defendant moved the court to exclude the anticipated expert testimony on the ground he had not been notified of it until the morning of trial and it was too late for him to counter it. The court denied the motion and trial proceeded. When the ballistic expert was called defendant renewed his motion to exclude testimony about the firing distance but it was overruled. Following the verdict defendant moved for a new trial on the ground, among others not preserved, that the court erred in admitting testimony of the powder-residue tests because of untimely disclosure.

Nowhere in the record does the word "continuance" appear until we reach defendant's brief. The point now raised has not been preserved for review. Were we to construe defendant's trial motion to exclude evidence as tantamount to a motion for continuance the result would be no different. Bear in mind that before trial defendant knew the state intended to introduce the expert testimony, but announced ready for trial and objected only after four witnesses had testified. Excepting surprise arising during a witness' testimony (*State v. Gatlin*, 539 S.W.2d 731[1–4] (Mo.App. 1976)), "an application for continuance should be made presented to the court before the jury is sworn." *State v. Martin*, 515 S.W.2d 802[1, 2] (Mo.App.1974).

Anticipating our rejection of his continuance contention defendant argues that failing to grant a continuance *sua sponte* was plain error. In considering this, we note defense counsel had over a year to prepare for trial. It was apparent a trial issue could be the relative positions of defendant's pistol and the victim's head. A week before trial defense counsel knew ballistic tests had been made; at trial time he knew what the tests would show. In view of other strong evidence of guilt and the lack of a request for continuance, we hold defendant's plain error contention is specious for its utter lack of manifest injustice or miscarriage of justice. *State v. Jones*, 544 S.W.2d 25[3] (Mo.App.1976).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.