STATE of Missouri,
Plaintiff-Respondent,

v.

Larry Gale CALLAHAN,
Defendant-Appellant.

No. 38828.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 31, 1978.

**454**

James G. Gregory, Montgomery City, for defendant-appellant. (On Appeal only.)

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Kathryn Marie Krause, Chief Counsel, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Cynthea O. MacPherson, Asst. Pros. Atty., Mexico, for plaintiff-respondent.

KELLY, Judge.

Larry Gale Callahan, the appellant, was convicted in the Circuit Court of Audrain County, Missouri, on Count I of the Information, stealing from the person, a violation of § 560.156, Laws 1955, p. 507, and on Count II thereof, exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner, § 564.160 RSMo. 1969. The information filed in the case also alleged that the appellant had been previously convicted of felonious assault, without malice, together with the other allegations essential to present the question whether the provisions of the Second Offender Act, § 556.280 RSMo. 1969, were applicable. Appellant entered a plea of not guilty to the charges aforesaid.

The cause came on for trial and from the evidence the jury could have found that on April 22, 1976, Nathaniel Curtis left his place of employment at approximately 5:00 p. m. to go home, and while en route, he turned onto Western Street in Mexico, Missouri, and heard someone shout his name. He applied the brakes of his car, turned and observed one Dennis Newbrough. Mr. Curtis brought his automobile to a stop in front of the appellant's home to see what Mr. Newbrough wanted and both Mr. New-

brough and the appellant came over to the automobile. At this time Mr. Curtis was wearing a hat. According to Mr. Curtis' testimony, appellant made a comment with respect to the hat Mr. Curtis was wearing, reached into the automobile in which Mr. Curtis was sitting, and took the hat off Mr. Curtis' head.

Mr. Curtis remained in the automobile and talked with the appellant for about ten or fifteen minutes, when he decided to continue on his route home and requested the appellant return his hat. Appellant replied that he was going to wear the hat awhile and walked away from the car across a yard there. Mr. Newbrough, immediately prior to appellant's walking away from the car, "hollered out let's have some gun play." Appellant proceeded into the house, remained there for two or three minutes, and when he exited therefrom, he had a shotgun. Appellant walked to the back of the car in which Mr. Curtis was seated. He then walked up to the side of the car near where Mr. Curtis was seated, put the shotgun right into Mr. Curtis' face, rubbed it around, and said: "I give you $2.00 for it. Why (sic) in the hell are you doing there. Why the hell did you get out." Mr. Curtis pushed the gun away and told appellant that if he wanted the hat why didn't he say so; why did he bring out the shotgun.

At about this time another car came up the road with its horn blowing, because appellant was in the street and the approaching car could not clear Mr. Curtis' car until he moved it. Appellant turned toward the approaching car and said: "You can't—can't you see me in the road talking to this guy here?" At this point Mr. Curtis drove off, and went directly to the Mexico police station where he reported the incident.

The following day, April 23, 1976, the appellant was taken into custody on warrants issued for his arrest on these charges, and a 20 gauge shotgun was seized from his home pursuant to a search warrant. At trial, Mr. Curtis testified that the shotgun seized from appellant's home looked like the shotgun which had been displayed against

him the previous day. On the basis of evidence furnished in the defendant's case, the trial court found that the provisions of the Second Offender Act were applicable, and the jury found the appellant guilty on both counts of the information. The trial court sentenced appellant to four years in the custody of the Missouri Department of Corrections on the offense charged in Count I and three years in custody of the Department of Corrections on the offense charged in Count II of the information. The sentence imposed in Count II was ordered to be served consecutively to that imposed in Count I.

On appeal, four issues are presented by the appellant in his "Points Relied On." However, for reasons we shall set out, none of these are preserved for review, and we have concluded the fourth Point should not be afforded review as "Plain Error."

█ The first Point Relied On is: "The court erred in allowing the state to introduce evidence of 'other crimes' committed by the defendant where such evidence of 'other crimes' had no logical relevancy to any particular excepted purpose for which such evidence of 'other crimes' was sought to be introduced."

We have searched appellant's Motion for New Trial and there is no allegation in said Motion presenting this Point to the trial court. We are precluded by Rule 84.13, made applicable to criminal cases on appeal by Rule 28.18, from considering any allegation of trial court error which was not presented to and decided upon by the trial court. While the first two allegations of trial court error contained in appellant's Motion for New Trial contend the trial court erred in admitting the testimony of two witnesses relative to (1) their observation of the appellant striking the hood of the automobile of one of the witnesses and heard him threaten to shoot at the car, and (2) that the appellant threatened to kill the other witness, a police officer, in neither instance does the allegation state why it was error for the trial court to admit this evidence. Rule 27.20(a) requires that a Motion for New Trial shall "set forth in detail

and with particularity, . . . , the specific grounds or causes therefor." Mere allegation of error without reasons does not constitute a compliance with this requirement of Rule 27.20(a). *State v. Bailey,* 544 S.W.2d 285, 286[1] (Mo.App.1976). We hold that this Point was not preserved for review in the appellant's motion for new trial.

Appellant's second Point Relied On is that the trial court erred in allowing the state to interrogate the appellant about being absent without leave (A.W.O.L.) while he was a member of the Armed Forces of the United States, under the guise of impeaching his credibility, pursuant to § 491.050 RSMo. 1969, when this evidence was inadmissible for that purpose or for any other purpose. This Point was not preserved in the appellant's motion for new trial for the same reason Point I in his brief was not preserved, i. e. as stated in his motion for new trial, this Point merely alleges that the "court erred in allowing the prosecuting attorney to interrogate the defendant about a conviction which occurred in the service for being absent without leave." No reasons why the admissibility of this evidence was error are set out in this paragraph of the motion for new trial and it fails to comply with the requirements of Rule 27.20(a) for that reason. We hold that the appellant failed to preserve this Point for review.

Appellant's third Point Relied On is that the trial court erred in failing to instruct on the issue of self-defense on the charge of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner. Appellant's motion for new trial, paragraph 7 alleges: "The Court erred in refusing the defendant's Instruction (A); the said instruction being an instruction on self-defense." He has failed in this allegation of trial court error, to state in detail and with particularity the reason why the trial court's refusal to submit said instruction was error in violation of the requirements of Rule 27.20(a). *State v. Sanders,* 541 S.W.2d 530, 532[1] (Mo. banc 1976). We hold that this Point has not been preserved for appellate review.

Appellant's fourth and final Point Relied On is that the trial court erred in giving

Instruction No. 5, the state's verdict-director on Count I of the information. Inasmuch as this Point was not raised in appellant's motion for new trial, he asks us to review it as "plain error" pursuant to the provisions of Rule 27.20(c).

■■■ Review of alleged trial court errors not otherwise preserved for appellate review under the benefit of this subsection of Rule 27.20 may be considered by the appellate court in its discretion when the court deems that manifest injustice or miscarriage of justice has resulted from the alleged trial court error. The Rule is to be applied on a case by case basis where substantial rights are affected and there is a strong, clear showing that injustice will result if the Rule is not invoked. *State v. Williams,* 541 S.W.2d 89, 91[2] (Mo.App. 1976); *State v. Embry,* 530 S.W.2d 401, 404[2] (Mo.App.1976). Our examination of the record has failed to cause us to conclude that there is any manifest injustice or miscarriage of justice present here resulting from the alleged error of the trial court which was not properly preserved to warrant application of the Rule.

Judgment affirmed.

GUNN, P. J., and WEIER, J., concur.